TURNER v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY,
*Appellant.*

1. **Receiver**: CORPORATION NOT LIABLE FOR HIS ACTS. A railroad company, whose property is temporarily in the hands of a receiver, will not be held liable for injuries caused by the negligent management of a locomotive by a person in the service of the receiver.

2.  **A Case of Contributory Negligence.**  Upon the trial of an action against a railroad company for a negligent collision with and injury to plaintiff's wagon and horses at the crossing of a public highway, it appeared by the testimony of plaintiff's witnesses that plaintiff drove his team at a brisk trot upon the crossing without having stopped to listen for trains; that he had looked, but at a place where a thicket well known to him prevented a view of the track; that if he had looked at any other point he would have seen the locomotive which did the injury.  *Held*, that he was guilty of contributory negligence, which debarred him of recovery.

He directly contributes to his own injury, who, paying no attention to his own safety, trusts to the obligations imposed upon the company to warn him of an approaching train.

*Appeal from Hannibal Court of Common Pleas.*—Hon. John T. Redd, Judge.

Reversed.

*Geo. W. Easley* for appellant.

The company had no control of the road, and is not liable.  Pierce on Railways, 285 and notes.  It was respondent's duty, under the facts in this case, to stop and look and listen for approaching trains before going upon the crossing.  *Railroad Co. v. Beale*, 73 Pa. St. 504; *s. c.*, 13 Am. Rep. 753; *Zimmerman v. Railroad Co.*, 71 Mo. 476; *Henze v. Railroad Co.*, 71 Mo. 636.

*Leach & Anderson* for respondent.

The facts stand uncontradicted that the railroad track was lower than the gravel road, on which respondent was traveling, and that a train could not be seen from the point (fifty yards from the crossing) where he stopped his team and looked and listened for trains.  The right of way between appellant's track and the gravel road was covered with brush six to eight feet high, making it difficult to see even a full train, when the view of the road is obstructed, making a lookout impossible.  The omission of signals is negligence, and makes the railroad company liable.  *Tabor*

*v. Railroad Co.*, 46 Mo. 353; *Kennayde v. Railroad Co.*, 45 Mo. 255.

HENRY, J.—This is an action to recover damages for an injury to plaintiff's team of horses and wagon, by a locomotive of defendant passing over its road. The allegation of the petition is, that the said locomotive ran against said horses and wagon, driven by plaintiff, in consequence of the negligent and careless manner in which it was managed by defendant's servants, who neglected to blow the whistle or ring the bell as the locomotive approached the crossing at which the accident occurred. The answer is a general denial, and also contains the following special defense: "That at the time of the said alleged injuries and grievances, the defendant's road was in the charge and control of one Sidney McWilliams, who had theretofore been appointed receiver thereof, by the circuit court of Livingston county, Missouri, in a suit wherein one Lemuel W. Morse was plaintiff, and this defendant and ·others defendants, and each and every one of defendant's officers, servants, agents and employes, enjoined and restrained from managing, controlling or operating defendant's road." This, on motion of plaintiff, was by the court ·stricken out. A trial resulted in a verdict and judgment for plaintiff, from which defendant has appealed. At the close of plaintiff's testimony defendant asked an instruction in the nature of a demurrer to the evidence, which the court refused.

The court erred in striking out the special defense set up in the answer. If the plaintiff had a cause of action 1. RECEIVER: cor- on the facts alleged in his petition, he could, poration not lia-ble for his acts. with leave of the Livingston circuit court, and not otherwise, have sued the receiver; (*Barton v. Barbour*, 13 Rep. 129; *s. c.*, 104 U. S.—; but he had no cause of action against the railroad company if the facts stated as a special defense are true. Upon what principle can a company be held liable for any injury inflicted upon any

one by a train of cars of which the company had no con-trol? Can the right to operate and manage its road and rolling stock be taken from the company and given to a receiver, under whose control and management it is ope-rated, to the exclusion of the company, and yet the latter be responsible to a person injured in consequence of the negligent operation of the road by such receiver? The question suggests its answer, and it is adverse to the plaintiff. In the brief of respondent's counsel, it is stated that the injury to the horses and wagon in question occurred be-fore McWilliams took charge of the road, but this would have appeared much better in a replication than in a brief.

As, for the error here noticed, the judgment will be reversed, it is proper to add, that on the authority of *Fletcher v. Pacific Railroad Co.*, 64 Mo. 484; *Harlan v. St. L., K. C. & N. R. R. Co.*, 64 Mo. 480; 65 Mo. 22; *Henze v. same*, 71 Mo. 636; *Purl v. same*, 72 Mo. 168, the demurrer to the evidence should have been sustained. The evidence for plaintiff showed that the gravel road from Hannibal west runs parallel with defend-ant's road for a quarter of a mile east of the crossing at which the injury complained of occurred. For that dis-tance the roads are about 100 yards apart. Plaintiff was traveling west, and the locomotive which struck his team was moving in the same direction. Plaintiff testified for himself that he was returning home from Hannibal; that he looked back when he got to Mrs. Barbee's gate, but the brush was so thick he could not see a locomotive. The gate is on the right-hand side of the gravel road going west, about twenty yards from the railroad. Was going home in a tolerable fast trot, in a two horse wagon. The locomotive was running backwards. It did not blow the whistle or ring the bell; that he looked after he passed Barbee's gate, but the brush was so thick that he could not see the engine. Hixon, for plaintiff, testified that in trav-eling on the gravel road going west you can see a train of cars fifty yards this side of the railroad. Think you can

*Note in margin:* 2. A CASE OF CON-TRIBUTORY NEGLI-GENCE.

see a train of cars going west at any point 200 yards this side of the railroad, going along the road there, and could have seen that engine and tender; saw the train all the time after it passed me, but did not hear it. Know nothing to prevent plaintiff from seeing it. Don't think he stopped. I was going west. Madden, for plaintiff, testified that fifty yards from the crossing, along the gravel road, could not have seen the train on account of the brush. Wm. Brown, for plaintiff, testified: The railroad company owns all the land between the gravel and railroad, within fifty feet of the latter. You can see the railroad there; don't know that you can see the tracks; it is my opinion you can see an engine there. The railroad is lower than the corner at the crossing; think, after you get down, you couldn't see for the brush, but after you get up on the gravel road my recollection is that you can see a train anywhere along there. Henry Hayden, for plaintiff: A man on the gravel road could have seen the smoke and heard the engine, if he had looked and listened. Bird, for plaintiff: For a quarter of a mile from the crossing the gravel road and the railroad run parallel. The gravel road bears north but turns south to cross the railroad, south of Barbee's gate. For some distance east and west there was a growth of brush on the side of the railroad track, and the bank it grew upon is from four to six feet high. If a man had stopped within 100 or 150 yards of the crossing, and taken a good look and listened, he might have seen the train coming.

This was substantially the evidence for plaintiff, except that relating to the injury and its extent, which we omit as immaterial to the determination of the question involved, and on the authority of the cases above cited the plaintiff, on the evidence, was not entitled to a verdict He says he looked for the train at Barbee's gate, and after he passed the gate. This gate was, however, but twenty yards from the railroad, and while, by the testimony of several of his witnesses, he could, by looking from any other

point within 100 or 150 yards of the crossing, have seen the train, he never took the precaution to look until he reached a point within twenty yards of the railroad, where a thicket of brush, well known to him, obstructed his view of the road. Defendant's servants were, beyond question, guilty of negligence, if they did not ring the bell or blow the whistle, as required by the statute when a train approaches a public crossing, but it is also negligence, gross negligence, for one traveling in a wagon to attempt to drive over a railroad without using ordinary precautions to ascertain if a train is approaching. He directly contributes to his own injury, who, paying no attention to his own safety, trusts to the obligations imposed upon the company to warn him of an approaching train. Here the plaintiff, without looking, except from a point at which he knew he could not see an approaching train, and failing to look at other points from which he could have seen it, drove, in a brisk trot, on to the track of the railroad, never having stopped to listen for an approaching train.

The judgment is reversed. SHERWOOD and HOUGH, JJ., concur; NORTON, J., agrees that the circuit court erred in striking out defendant's special defense, but thinks the court did not err in overruling the demurrer to the evidence. RAY, J., absent.