FARRELL v. THE UNION TRUST COMPANY, *Appellant.*

1. **Railroads**: KILLING STOCK : SUFFICIENCY OF COMPLAINT. The complaint in this case, an action upon the statute to recover double damages for killing stock, examined, and *Held* to contain averments sufficient after verdict to show that the stock entered upon the track at a point not within the limits of an incorporated town or city.

2. ———: ——— : TRUSTEES. The trustee of a railroad company, running and operating in that capacity a railroad within this State, is liable for injuries to animals, under section 809, Revised Statutes 1879.

*Appeal from Monroe Circuit Court.*—HON. JOHN T. REDD, Judge.

AFFIRMED.

*Smith & Krauthoff* and *Thomas J. Portis* for appellant.

*F. C. Farr* for respondent.

HENRY, J.—This action was instituted before a justice of the peace, and the following is the statement of the cause of action filed:

"The plaintiff states that the defendant, the Union Trust Company of New York, is a corporation incorporated under and by the law of New York, and as such, on or about the 24th day of July, 1878, said company, as trustee for the Missouri, Kansas & Texas Railroad Company, under the laws of the State of Missouri, had possession of and was operating a railroad running in and through Monroe county, Missouri, known as the Missouri, Kansas & Texas Railroad, and that said railroad ran through and along an inclosed field of plaintiff's in Marion township, in Monroe county, Missouri; that defendant, on· the day and year aforesaid, had wholly failed and neglected to erect or maintain good and substantial fences along the sides of its said railroad where the same so passes through and along said inclosed field, as defendant was required to do under the

law of the State of Missouri, in such cases made and pro-
vided; that by reason of such failure and neglect of the
defendant to erect and maintain fences as aforesaid, a cer-
tain roan horse of the value of $80, a certain brown horse
mule of the value of $80, a certain mouse-colored mare
mule of the value of $35, and a certain mouse-colored
horse mule of the value of $40, all then and there being
the property of the plaintiff, got on the track of the said
railroad, so operated by the defendant, on or about the
25th day of July, 1878, and the defendant on the day and
year last aforesaid, by its agents, servants and employes,
while running its engines and cars along and over the track
of its said railroad, in said township of Marion, in Monroe
county, and in and through plaintiff's said inclosed field,
ran its said engines and cars against and upon said horse
and three mules, and thereby then and there killed said
horse and three mules, so that they were wholly lost to
plaintiff; that said horse and mules were so killed at a
point on said railroad which was not inclosed by a good
and substantial fence, and at a point on said railroad that
was not a public crossing, and a point within the inclosed
field of plaintiff, as aforesaid."

On a trial in the justice's court plaintiff had judg-
ment, from which defendant appealed to the circuit court
of Monroe county, where plaintiff again obtained a judg-
ment, from which this appeal is prosecuted.

One of the points relied upon for a reversal is, that
the statement is defective in not alleging that the animals
killed entered upon the track of the railroad
at a point not within the limits of an incor-
porated town or city. It is alleged that they
entered upon the track where it ran through plaintiff's in-
closed field, in Marion township, and it is fairly inferable
from the statement, that the field was not within the limits
of an incorporated town or city. This, after verdict, must
be held a sufficient averment of that fact. Besides, if the
killing had occurred within the limits of a town or city,

1. RAILROADS : kill-
ing stock : suffi-
ciency of com-
plaint..

whether in an inclosed field or not, the action could not be maintained under the 43rd section of the Corporation Act, but should have been based upon the 5th section of the Damage Act. *Elliott v. Hann. & St. Jo. R. R. Co.*, 66 Mo. 683. This suit was based upon the 43rd section. The petition states the facts which bring the case within the provisions of that section, and this, in connection with the fact above noticed, sufficiently averred the fact which it is alleged was omitted, especially after verdict.

It is also contended that in no event is the defendant liable under the 43rd section, because it is penal in its 2. ——: ——: nature, and by its terms applies only "to trustees. railroad corporations formed or to be formed in this State," and "corporations to be formed under this article," and "railroad corporations running or operating any railroad in this State." The Union Trust Company of New York, it is alleged, is a corporation formed under the laws of New York, and it is not alleged that it is a railroad corporation, but it is sued as, and averred to be, "trustee for the Missouri, Kansas & Texas Railroad Company," and in that capacity was running and operating the road. In *Turner v. Hann. & St. Jo. R. R. Co.*, 74 Mo. 602, it was held that for an injury inflicted by a train of cars passing over that road, while in the hands of a receiver who was managing and operating it to the exclusion of the company, the latter would not be liable. It was not expressly decided that the receiver would be, but we see no reason why he should not. He stands in the place of the company, represents the company, and while, not directly, the railroad company is ultimately responsible, because damages recovered against the receiver in such a case, he may charge to the company in his settlement. Shearman & Redfield on Neg., § 76. If the defendant in this case is not responsible, then it were an easy matter for a railroad corporation to avoid all the duties imposed upon it by the statute, by simply transferring the road to a

trustee, to run and operate it for the benefit of the company.

The judgment is affirmed.    All concur.