MEYERS v. THE UNION TRUST COMPANY *et al.*, *Appellants*.

1. **Pleading**: RAILROADS: DOUBLE DAMAGES. A petition, in an action against a railroad under Revised Statutes, section 809, for double damages for killing stock, need not negative the fact that the place at which the animal entered upon the track was within the limits of an incorporated town or city.

2. **Railroads**: KILLING STOCK: CREDIBILITY OF WITNESS. Where, in such action, there are facts in evidence from which the jury may reasonably infer that the injury to the animal was caused by collision with defendant's locomotive, it should not be instructed that the plaintiff could not recover, although the engineer in charge of the locomotive testified for defendant, without being directly contradicted by any other witness, that he saw the animal when it was hurt, and that it ran on to a trestle and jumped therefrom in front of the locomotive, and was not touched by the latter, or by

any of defendant's cars. It was for the jury to determine the credibility to be given to the engineer's testimony

3. **Double Damage Act**: CONSTITUTIONALITY OF. The decision in the case of *Hume v. The Missouri Pacific R'y Co.*, *ante*, p. 221, affirming the constitutionality of the double damage act, in respect to both State and Federal constitutions, adhered to.

*Appeal from Moberly Court of Common Pleas.*—HON. G. H. BURCKHARTT, Judge.

AFFIRMED.

*Thomas J. Portis* for appellants.

To entitle plaintiff to a judgment for double damages under section 809, he must both allege in his petition and prove that the point at which his animal came on to the railroad or right of way, was not within the corporate limits of any town or city. In this case there being no such allegation in the petition, and no proof of this fact, plaintiff was not entitled to recover. *Rowland v. Railway Co.*, 73 Mo. 619; *Schulte v. Railway Co.*, 76 Mo. 328. Also that the injuries were the result of a direct and actual collision of the engine or cars, with the animal injured. *Lafferty v. Railroad Co.*, 44 Mo. 291; *Hughes v. Railroad Co.*, 66 Mo. 325. *Seibert v. Railway Co.*, 72 Mo. 565. For these reasons the declaration of law asked by defendants should have been given, and the motion for a new trial should have been sustained. The statute under which this action was brought and prosecuted is in conflict with the provisions of the State and Federal constitutions.

*Hollis & Wiley* for respondent.

PHILIPS, C.—This is an action instituted in the common pleas court of Moberly, Randolph county, to recover damages for the killing by defendant, a railroad corporation, of plaintiff's colt. The action is based on section 809 Revised Statutes. The petition is in proper form and alleges

the killing to have occurred on the 29th day of May, 1880. The answer tendered the general issue.

The plaintiff, to sustain the issues on his part, testified " that he was the owner of the animal sued for in the petition, and that at the time of the killing she was of the value of $60, and that the said animal got upon the track of defendant at a point where the same was not fenced and not at a public road crossing. Found the mare or colt lying at one end of a trestle work on defendants' road, down in a branch. Don't know how she got there or how she was hurt."

W. J. Shause, witness for plaintiff, testified: " That he saw the animal lying over in the branch at one end of the trestle work the morning after she was thrown there (or) had fallen there. Could see her tracks on defendants' road going in the direction of the trestle. She seemed to check up just as she reached the trestle work, and her hind feet seemed to have gone between the ties just at the end of the trestle work on the opposite end from where she was lying when I found her. The trestle was about twenty-six or twenty-seven feet long. I saw hair on the ends of the screws joining the rails together on the end of the trestle work to which she must have first come, but no other marks on the trestle until on the opposite end of the trestle, where she seemed to jump off or was thrown off against some willow stubs, on which there was hair. There were no tracks of the animal on the side of the trestle where we found the animal. The first and only evidence of her striking was on the stubs where she seemed to have lighted on her side, on the south side of the railroad track outside. The animal was not dead when I first saw her. She had no bones broken. On the inside of her hind leg, above the second joint, or hock, the hair was scraped off about eight inches, as though something had struck her between the hind legs—a cow catcher or something of that sort. Appraised the animal at $60."

Wm. Guin, another witness for plaintiff, testified to

substantially the same as the previous witness. The plaintiff here rested his case.

The defendants, to sustain the issues on their part, offered James Russell, who testified: "That he saw the animal sued for by plaintiff at the time she was hurt. He was an engineer on defendants' road running an engine. The animal, when he first saw her, was running in front of an engine that was in his charge at the time, and when she came to the trestle referred to, ran on to it, and jumped or ran across it diagonally and jumped off down into the branch. The engine was at no time nearer than fifty feet to the animal, and she was not struck or touched by the engine or cars."

The defendant at the conclusion of the evidence asked the court to declare: "That under the pleadings and evidence the plaintiff is not entitled to recover." The court refused this instruction and found the issues for the plaintiff and entered up judgment on motion of plaintiff for double the ascertained value of the colt. Defendant after ineffectual motions for new trial, and in arrest has brought the case here on appeal.

I. The first objection urged by defendant against the verdict and judgment in this case is, that the petition and evidence do not negative the fact that the point of injury and that at which the colt entered upon the railroad track may have been within the limits of an incorporated town or city. The petition distinctly avers that the said points are where the railroad "passes through, along or adjoining inclosed or cultivated fields or uninclosed lands," and that the action is brought under section 809, etc. This it has been repeatedly held is sufficient. If in fact the point was where the defendant was under no legal obligation to so fence, after the plaintiff has made the proof shown in this record, the defendant should make proof of the exculpatory fact. *Farrell v. Union Trust Co.*, 77 Mo. 475; *Jackson v. St. L., I. M & S. R. R. Co.*, 80 Mo. 147, and cases

cited; *Wayman v. H. & St. J. R. R. Co.*, decided last October term, and other cases.

II. It is next insisted that on the evidence the court should have given the instruction asked by defendant, in the nature of a demurrer to the evidence. At the close of plaintiff's evidence there were facts from which the court or jury might have reasonably inferred that the injury was produced by collision with the defendants' locomotive. Such inferences from a given fact or facts established by evidence are peculiarly within the province of the jury, and its finding is conclusive on this court.

The defendant demurred to the evidence after introducing the testimony of its engineer. As a matter of course, if the testimony of the engineer should be credited the finding should have been for the defendant. But it was for the jury, or court sitting as a jury, and not this court, to determine whether the testimony of any witness should be credited. With that discretion of the triers of the facts, in absence of passion or misconduct, we cannot interfere. See *Gregory v. Chambers*, 78 Mo. 294, and authorities cited and reviewed.

III. We are asked in this case to reconsider and determine the constitutionality of the double liability clause of said section 809 of the statute. This question has been fully considered and decided at this term in the case of *Humes v. Mo. P. R'y Co.*, *ante*, p. 221, affirming the constitutionality of the statute. To that decision we adhere.

It follows that the judgment of the court of common pleas should be affirmed. All concur.