Carroll v. Missouri Pacific Railway Company.

up an equitable defence ; that defence properly prevailed in the trial court. Sherwood, J., concurs.

---

CARROLL v. MISSOURI PACIFIC RAILWAY COMPANY,
*Appellant.*

1. **Negligence**: RAILROAD : PASSENGER. A drover transported over a railroad on a pass for the purpose of taking care of his stock on the train is a passenger, and the railroad cannot stipulate for exemption from liability for injuries to him caused by its negligence.

2. **Master and Servant.** The trial court held to have rightly declared as a matter of law, that the relation of master and servant did not exist between the railroad and deceased in this case.

3. **Constitution**: REVISED STATUTES, SECTION 2121. The second section of the damage act (R. S., sec. 2121) which authorizes the recovery of five thousand dollars in cases of death of persons occasioned by the negligence of railroads, etc., is constitutional.

4. **Action by Wife for Death of Husband**: COLLECTION OF INSURANCE MONEY BY HER. The fact that plaintiff's husband had his life insured, payable to her, and that after his death she collected the insurance money, is no defence to an action on said statute.

5. **Instruction.** The assumption in an instruction of the existence of a fact as to which there is no controversy, is no ground for a reversal.

| | |
|---|---|
| 88 | 239 |
| 32a | 233 |
| 88 | 239 |
| 98 | 378 |
| 99 | 653 |
| 88 | 239 |
| 41a | 496 |
| 88 | 239 |
| 102 | 543 |
| 88 | 239 |
| 104 | 500 |
| 88 | 239 |
| 46a | 393 |
| 46a | 567 |
| 88 | 239 |
| 54a | 116 |
| 88 | 239 |
| 121 | 337 |
| 125 | 876 |
| 88 | 239 |
| 144 | 634 |

*Appeal from Cooper Circuit Court.*—Trial before Hon. J. P. STROTHER, Judge of the Sixth Judicial Circuit.

AFFIRMED.

*T. J. Portis* for appellant.

(1) The court erred in striking out the special defences set up in defendant's amended answer. The special contract pleaded was a valid defence. *Daer v.*

*New York*, etc., 1 Kern. 485; *Wells v. Railroad*, 24 N. Y. 181; *Perkins v. Sorne*, 24 N. Y. 196; *Bigsell v. Railroad*, 25 N. Y. 442. No principle is better settled than that a party to whom any benefit is secured by contract, by statute, or even by the constitution, may waive such benefit, and that the public are not interested in protecting or benefiting him against his wishes. Broom's Legal Maxims, 309; *Lee v. Tillotson*, 24 Wend. 337; *People v. Murray*, 5 Hill, 468; *Donnelly v. Corbitt*, 3 Selden, 500; *Hill v. Railroad*, 29 Am. Rep. 163, note; *Duff v. Railroad*, 41 L. J. (N. S.) 197; *Kinney v. Railroad*, 34 N. J. L. 513. (2) The court erred in striking out the first paragraph of the answer, for it averred that by virtue of the terms of said contract Carroll made himself an employe of defendant and a fellow servant of its employes. (3) The statute on which this action is brought is unconstitutional. Const. U. S. 14th Amend., sec. 1; Const. U. S., art. 7; Const. of Mo., art. 2, sec. 30. (4) The instruction for plaintiff was erroneous, because it does not require the jury to find that deceased was a passenger on defendant's train.

*L. F. Wood* and *Draffen & Williams* for respondent.

(1) The special contract set up in the answer constituted no defence to defendant's own negligence. *Railroad v. Lockwood*, 17 Wall. 357; *Railroad v. Selby*, 47 Ind. 471; s. c., 17 Am. Rep., 719; *Railroad v. Henderson*, 51 Pa. St. 315; *Railroad v. Stephens*, 95 U. S. 655; *Lemon v. Chanslor*, 68 Mo. 340. (2) The court did not err in striking out that part of the answer which alleged that the deceased had made himself an employe of defendant, and a fellow servant of defendant's employes. *Flinn v. Railroad*, 1 Houston, 469; *Lackawanna*, etc., *Ry. v. Chenowith*, 52 Pa. St. 382; *Dritt v. Snodgrass*, 66 Mo. 286; *Curran v. Downs*, 3 Mo. App.

468; *State, etc., v. Williams*, 77 Mo. 463. (3) The second section of the damage act is constitutional. Cooley's Const. Lim. 581, and note 2; *Barnett v. Railroad*, 68 Mo. 56; Field on Damages, 12. (4) There was no error in plaintiff's instruction. *Sherman v. Railroad*, 72 Mo. 62; *Lemon v. Chanslor*, 68 Mo. 340. It was not necessary to tell the jury in express terms that deceased was a passenger, there was no pretense he was an employe. When it is clear and undisputed, an instruction may assume the truth of the matter sworn to. *Barr v. Armstrong*, 56 Mo. 577; *Caldwell v. Stephens*, 57 Mo. 589 (5) There is nothing in the defence that plaintiff had collected two thousand seven hundred dollars insurance money. May on Insurance, sec. 455.

Ray, J.—This is an action by Sarah J. Carroll, as the widow of Hugh A. Carroll, deceased, for the death of her said husband, occasioned by the negligence of defendant and its servants in the management of its trains. The petition in substance, and as far as we now deem material to notice, alleged that on the thirty-first of May, 1881, said Hugh A. Carroll, under the rules and regulations of defendant, and in compliance with defendant's terms, shipped one car load of stock on one of defendant's freight trains from California to St. Louis, and took passage himself on the same train, in compliance with the rules and regulations of defendant; that on the morning of the thirty-first of May, 1881, said train on which Carroll and his stock were being carried, reached the town of Washington, in Franklin county, Missouri, on its way to St. Louis; that said Carroll continued thereon as a passenger, in accordance with his contract with defendant, as aforesaid; that at the town of Washington, in Franklin county, Missouri, by reason of the carelessness, negligence, unskillfulness, and mismanagement of defendant's agents, officers and employes, whilst running;

conducting and managing said locomotive and train of
cars, on which said Carroll had taken passage as afore-
said, and, also, by reason of the carelessness, negligence,
unskillfulness and mismanagement of defendant's
officers, servants, agents and employes, whilst running,
conducting and managing another locomotive and train
of cars, at the time and place last aforesaid, the said two
trains collided, and by reason of said carelessness, negli-
gence, unskillfulness and mismanagement of the defend-
ant's officers, servants, agents and employes, whilst
managing said locomotives and trains as aforesaind, said
Hugh A. Carroll was instantly killed in said collision,
and that by reason thereof plaintiff was entitled to recover
the sum of five thousand dollars damages, and for which
she asked judgment.

The amended answer of the defendant, after denying
generally all of the allegations of the petition, not after-
wards expressly admitted in said answer, set up three
special defences: "First. That said Carroll on the thir-
tieth of May, 1881, under a written contract with de-
fendant, shipped one car load of horses over defendant's
road from California to St. Louis, and took passage him-
self, on the train that carried said stock, under and by
virtue of the terms of said written contract; that by said
contract he was to be carried upon said train for the pur-
pose of taking care of his said stock, and was to be at
his own risk of any personal injury from any cause what-
ever, and that he was required to sign a release to that
effect, which he did ; that he signed this release as a con-
dition precedent to his right to ride upon said train, and
that by reason of his traveling upon said contract to
assist in taking care of said stock, he became an em-
ploye of the defendant, and to that extent a fellow
servant of the men in charge of defendant's trains.
Second. The second special defence was that the section
of the damage act, upon which this suit was predicated,
was unconstitutional because the amount of the recovery

was fixed at five thousand dollars. Third. That plaintiff's husband had his life insured for twenty-seven hundred dollars, payable to her, and which, after he was killed, she collected.'' The court, on plaintiff's motion, struck out that portion of the answer containing the special defences above mentioned.

As we understand the record, there was no controversy at the trial as to the facts in the case. The husband of plaintiff was killed while riding on one of defendant's freight trains, upon a stock drover's pass, or contract, in charge of, or accompanying, a car load of horses which he had shipped on defendant's railroad. Under the rules of defendant, said Hugh A. Carroll became entitled to said drovers' pass or stock contract, in virtue of his said shipment of said car load of stock on said train, and defendant's conductors of such trains received and accepted such stock contracts as passes or tickets over the railroad. A collision occurred between said train upon which said Hugh A. Carroll was thus traveling, and another freight train of defendant, through the negligence of defendant and its servants in the management thereof, and the death of said Carroll resulted therefrom. The defendant offered no evidence, but demurred to that introduced by plaintiff, which demurrer to the evidence was overruled. No instructions were asked by defendant, and but one was given on the part of plaintiff, which was as follows:

''The jury are instructed that if they believe, from the evidence, that defendant's agents and servants whilst operating a train of cars on defendant's railroad, negligently and carelessly caused one of defendant's trains to collide with another train, upon which Hugh A. Carroll was riding, and that by reason of said collision, and as a consequence of such negligence, said Carroll was killed, and that the plaintiff is his widow, then the jury will find for plaintiff and assess her damages at the sum of five thousand dollars.''

There was a verdict and judgment for plaintiff for five thousand dollars, from which defendant has prosecuted this appeal.

The matters urged upon us by defendant for reversal of said judgment grow out of the action of the circuit court in striking out the special defences set up in the answer, and in giving said instruction set out as above. The first of said questions involves the validity of the special contract set out in the first of the special defences set up by the answer. This special contract, which was assented to and signed by the deceased husband, provided that: "For the purpose of taking care of the stock the owner, or men in charge, will be passed on the train with it, and all persons thus passed are at their own risk of any personal injury from any cause whatever, and must sign release to that effect endorsed on contract." The endorsement required and referred to was as follows: "We, the undersigned owners, or in charge of the live stock mentioned in the within contract, in consideration of the free pass granted us by the Missouri Pacific Railroad Company, hereby agree that the Missouri Pacific Railway Company shall not be liable to us for any injury or damage of any kind suffered by us while in charge of said stock, or on our return passage." The action of the wife, we may observe, was for the death of the husband, occasioned by the defendant's negligence, and the question is as to the validity of the agreement made by the husband exempting the defendant from injuries caused by its negligence, the collision of the trains as we must assume, after verdict being due thereto. The right of common carriers of goods and passengers to thus contract against their own negligence, has repeatedly been before this court in a variety of ways and has heretofore been denied upon grounds of public policy. *Dawson v. Railroad*, 79 Mo. 296; *Harvey v. Railroad*, 74 Mo. 541. Like stipulations and exemptions in stock contracts substantially similar were involved

Carroll v. Missouri-Pacific Railway Company.

and passed upon in the case of *Railroad v. Lockwood*, 17 Wall. 357, where, upon an extended review of the cases, the Supreme Court of the United States held, also, that a common carrier cannot stipulate for exemption from liability from its own negligence, that the rule applied to the common carrier of goods and of passengers for hire, and that a drover transported over the railroad upon a pass, for the purpose of taking care of his stock on the train is a passenger for hire. We are aware that a contrary doctrine or rule has been announced in cases, of which *Bissell v. Railroad*, 25 N. Y. 442, relied on by appellant, may be cited as a type; but this court has heretofore followed and adhered to the rule and doctrine declared in the *Lockwood case, supra; Lemon v. Chanslor, supra; Sturgeon v. Railroad*, 65 Mo. 569.; *Rice v. Railroad*, 63 Mo. 314. It is also contended for appellant in this behalf that it was error for the court to assume that the deceased husband did not, in the face of direct allegation of the answer to that effect, make himself *pro hac vice* an employe and fellow servant, with other employes of defendant upon said trains. The answer, it will be observed, sets out the contract, and if the allegations showed upon their face that the relation of master and servant did not exist, then we think the court might rightfully, and as a matter of law, so declare. Upon the facts stated in the answer, the court drew a different conclusion from the pleaders and held, we think properly, that the deceased husband was not a servant in the employ of defendant. He received no wages, performed and was to perform no service unless it was in looking after the stock of which he was the owner, and his death did not occur while he was engaged in that behalf. He performed no duty upon the train, and was not connected in any manner with its management and operation, was not subject to defendant's orders in that behalf and owed no obedience, at least in the sense in which said duties and relations commonly exist between master and ser-

vant. Essential features and elements necessary to constitute that relation are, we think, affirmatively shown not to exist by the facts stated in the answer, and the ruling of the trial court was not erroneous in this behalf. *Flinn v. Railroad*, 1 Houston, 469 ; *Railroad v. Chenowith*, 52 Pa. St. 387.

The second special defence set up in the answer challenges the constitutionality of the second section of the act concerning damages, for the reasons that said section attempts to deprive defendant of its property without due process of law, in authorizing a judgment against it as one of a special class of individuals in violation of the fourteenth amendment of the constitution of the Federal Union, and in violation of section thirty, article two, of our state constitution. And in arbitrarily liquidating and admeasuring the quantum of damages, without a trial by jury as to the amount thereof, the same being preserved to defendant by article seven of the constitution of the United States, which declares, "in suits at common law where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any court of the United States than according to the rules of the common law." The damage act and said section thereof, has long been in our statutes, and frequently before the court, and many recoveries have been had thereunder, and, while so far as we are aware, this section has not been heretofore assailed in this court upon these or other grounds, yet the same argument and constitutional objections that the damages are arbitrarily fixed by the statute, would invalidate a very large number of other sections in our statutes and collated in the case of *Humes* against this defendant, 82 Mo. 228-9. Indeed, the constitutional objections here raised have been heretofore urged against, or apply in principle to other sections and provisions in our law, and notably to the section known as the forty-third section of

the railroad law, the constitutionality of which in respect to both state and federal constitutions, has been repeatedly affirmed. *Barnett v. Railroad*, 68 Mo. 56; *Meyers v. Union Trust Co.*, 82 Mo. 237, and *Humes v. Railroad*, 82 Mo. 221, which last mentioned case has been recently affirmed in the Supreme Court of the United States. As already said, the objections as to said section being special or class legislation, has also been overruled by the adjudications of this court. We deem it unnecessary to extend argument on this branch of the case.

The defence set up in the third paragraph, and stricken from the answer by the court, to the effect in substance that the plaintiff had collected twenty-seven hundred dollars life insurance upon a policy, taken out by the husband in his lifetime for the benefit of the plaintiff, has been assigned as error and presented, but there is no argument or citation of authority in that behalf in the brief of counsel. The proposition involved, however, as we suppose it to be, is that the negligent and wrongful act resulting in the death of the plaintiff's husband, is the occasion of pecuniary benefit to the plaintiff in the amount of damages recovered, or authorized to be recovered, and that the insurance money received by plaintiff inures to the benefit of the defendant and becomes a defence *pro tanto*. But the pecuniary benefit, if it could in any event be so considered, derived from the husband's death would, we may justly presume, have been probably more than realized by the continuation of the husband's life. At all events, the amount of the damages in actions under said second section of the damage act, commonly so called, is fixed by the statute, and is expressly conferred upon the beneficiaries named in this case, upon the wife, and the construction of appellant, if allowed, would defeat or modify actions under the statute, where the party killed had, by his own prudence and at his own expense, sought to provide for the maintenance of his family in the event

of his death, and would enable the wrong doer to protect himself to the extent of the insurance against the consequences of his own wrongful and unlawful acts. As against this plaintiff in this action upon the statute for the damages for the death of her husband, we think the matter thus set up in the third special defence was irrelevant and immaterial, and the action of the court in striking it out, was, we think, right and proper. *Sherlock v. Alling*, 44 Ind. 184; *Althorf v. Wolfe*, 22 N. Y. 355; *Harding v. Townshend*, 43 Vt. 536.

As to said instruction given for plaintiff, which is criticised for the reason, and no other, that the jury are not therein required to find that the deceased at the time of his death was a passenger on the train of defendant, it is perhaps sufficient to say that such omission, if it is to be regarded as such in this case, was not, under the facts, error materially and prejudicially affecting the rights of appellant. There was no controversy, as we gather from the record as to the terms upon which deceased was received and was being carried at the time upon the train, but the controversy was only as to the legal effect of the stock contract. Under the views already expressed and authorities cited, he was not an employe, he was lawfully upon said train and was a passenger for hire, although riding at the time upon a drover's pass, and an assumption of such fact about which as a matter of law there could be no dispute under such circumstances was not error or prejudicial to defendant. *Barr v. Armstrong*, 56 Mo. 577; *Nelson v. Foster*, 66 Mo. 381; *Gray v. Missouri River Packet Co.*, 64 Mo. 47; *Sherman v. Railroad*, 72 Mo. 62.

This embraces all the questions arising on the record, and having thus considered and disposed of them, and finding no material error in the record, we affirm the judgment of the circuit court herein, and it is ordered accordingly. All concur.