JACOB STEVENS, Appellant, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, Respondent.

St. Louis Court of Appeals, January 15, 1901.

1. **Receiver**: RAILWAY COMPANY NOT LIABLE FOR HIS ACTS. The railroad was being operated by the receiver when the fire happened, which would make the receiver in his official capacity and the property in his charge liable only, and not the railway company.

2. ———: ———: DOCUMENTARY EVIDENCE, OBJECTIONS TO, MUST BE SPECIFIC. The imperfection for which the competency of documentary evidence is challenged, must be specifically pointed out.

Appeal from Clark Circuit Court.—*Hon. Edwin R. McKee,* Judge.

AFFIRMED.

*Berkheimer & Dawson* for appellant.

The mere appointment of a receiver with the usual powers does not relieve the company from liability to suit. Railroad v. Cuppy, 11th Am. and Eng. Railroad cases, 562. Where the railroad is in the hands of trustees, exercising the same functions the corporation is formed to exercise, third persons may sue the corporation in respect to transactions had with such trustees. Railroad v. Ullman, 89 Ill. 244; Ricketts v. Railroad, 41 Am. and Eng. Railroad cases, 42; Railroad v. Ross, 142 Ill. 79; Naglee v. Railroad, 33 Am. and Eng Railroad cases, 401. It is discretionary in a court to permit a suit to be brought against a company and prosecuted to final judgment for the purpose of fixing the rights of the parties, though

the property be in the hands of a receiver. Wyatt v. Railroad, 10 Ill. App. 289.

*Gardiner Lathrop, T. L. Montgomery* and *Cyrus Crane* for respondent.

Appellant can not, therefore, under the general objection made at the time, now raise the question as to the sufficiency of their certification. Bates v. Scheik, 47 Mo. App. 646; Clark v. Loan Co., 46 Mo. App. 250. The law is well settled in this State that the judgment, if any, must.be against the receivers and not against the railroad company, whose property they are operating. Turner v. Railroad, 74 Mo. 604; Farrell v. Trust Co., 77 Mo. 475; Heath v. Railroad, 83 Mo. 617.

GOODE, J.—In August, 1899, the appellant suffered a loss of growing timber, cord-wood, poles and grass from a fire set out by sparks from a locomotive running on the track of the respondent's railroad in Clark county. The railroad property was, at the time the fire occurred, in the hands of receivers appointed by the circuit court of the United States for the western division of the western district of Missouri in a proceeding instituted against the company by the Union Trust Company of New York, trustee. The receivers qualified in February, 1894. The record contains no proof as to when they were discharged, but there is an allegation in the answer that in January, 1896, the property was sold under a foreclosure decree in said proceeding and purchased by the defendant. The original petition made the Atchison, Topeka & Santa Fe Railroad, Aldace Walker, John McCook and Joseph Wilson, receivers, defendants. The amended petition on which the case went to trial, was against the Atchison, Topeka & Santa Fe Railroad, a corporation, the receivers being omitted. At

the conclusion of the evidence the jury returned a verdict for the defendant under a direction to that effect by the court and appellant appealed.

The point is made that it was error to admit in evidence the copy of the order of the Federal court appointing the receivers and, of their bonds, because they were not attested by the certificate of the judge of that court as well as the clerk. The only objection made to the admission of those documents at the trial was the general one that they were incompetent, irrelevant and immaterial. This was insufficient. The imperfection for which the competency of documentary evidence is challenged must be specifically pointed out. Clark v. Conway, 23 Mo. 438; Buckley v. Knapp, 48 Mo. 152; Alder v. Lange, 21 Mo. App. 516; Bates v. Scheik, 47 Mo. App. 642; Clark v. Loan Co., 46 Mo. App. 248.

The point must be ruled against the appellant.

Neither did the court err in instructing the jury to return a verdict for the defendant. The railroad was being operated by the receivers when the fire happened, and that a railway company or other corporation can not be made to respond in damages for obligations or liabilities arising out of the control or operation of its property while in the possession of a receiver, is settled law in this State. Heath v. M. K. & T. Ry. Co., 83 Mo. 617; Turner v. Railway Co., 74 Mo. 602; Farrell v. Union Trust Co., 77 Mo. 477. The injury complained of did not result from the acts of the respondent but of the officers of the Federal court or their agents and servants who were managing the road. The cases cited from other jurisdictions fail to support the position of the appellant. So far as we have examined them they recognize the rule above stated, and where the defendant is held liable it is either because of a statute on the subject or a positive order of the court in which the receivership proceedings were pending that the

purchaser of the property should take it subject to all liabilities incurred by the receivers. The doctrine in this State, as announced by its highest judicial authority, was followed by the learned court below in disposing of the cause and the judgment therein rendered is affirmed. All concur.