WARREN HARRIS, Respondent, v. THE QUINCY, OMAHA & KANSAS CITY RAILWAY COM-PANY, Appellant.

Kansas City Court of Appeals, April 1, 1907.

1. **RAILROADS: Fencing; Killing Stock: Lessee: Receiver.** A railroad company cannot avoid its liability for fencing its track by leasing its railroad or licensing another to operate it; but it will be liable for the killing of stock by the receiver of its lessee. [Cases considered.]

2. ———: **Killing Stock: Limitation: Former Suit.** Where an action is brought for the killing of stock and dismissed and a second suit is commenced within a year of the dismissal, the action is saved though the time between the killing and the bringing of the last suit is longer than the period of limitation.

3. **EVIDENCE: Testimony in Bill of Exceptions: Notice.** The testimony of a witness preserved in a bill of exceptions in a former trial between the same parties may be read upon the notice prescribed by the statute which is found to have been given in the present case.

Appeal from Grundy Circuit Court.—*Hon. George W. Wannemaker,* Judge.

AFFIRMED.

*J. G. Trimble* and *Hall & Hall* for appellant.

(1) Plaintiff's cause of action on the first count was barred by limitation. The trial court cannot take judicial notice of the contents of the records in the former case without such records being introduced in evidence. Spurlock v. Railroad, 76 Mo. 67; Adler v. Lang, 26 Mo. App. 226. (2) It was in error to admit the testimony of John Dunlap, which was read from a bill of exceptions in another suit. It has long been the rule of practice that depositions taken in a former suit between the same parties may be read in the pending suit, if the party offering such testimony give notice to the opposite party of his intention to use the same, or refile it in the pending suit. Plaintiff complied with neither of these requirements and the court erred in overruling defendant's objection to the introduction of the evidence. Samuel v. Withers, 16 Mo. 532; Parsons v. Parsons, 45 Mo. 265; Borders v. Barber, 81 Mo. 644; Leslie v. Mining Co., 110 Mo. 31; Seeley v. Kansas City Star Co., 71 Fed. 554. (3) In December, 1901, at the time it is claimed the horse was injured, for nearly a year prior thereto and for over a year thereafter, the railroad was under the sole management and control of and being operated by, the receivers appointed by the United States Circuit Court. Neither the defendant nor its lessee, the Omaha, Kansas City & Eastern Railroad Company, had any right, power or authority to exercise any acts of ownership, possession or control over the railroad or any part of it. It is well settled in this State and elsewhere that a railroad company is not liable for damages caused while the railroad is being operated and controlled by a receiver. Turner v. Railroad, 74 Mo. 602; Farrell v. Trust Co., 77 Mo. 475; Heath v. Railroad, 83 Mo. 617; George v. Railroad, 40 Mo. App. 444; Stevens v. Railroad, 87 Mo. App. 26; Rogers v. Railroad (Tenn.), 17 Cent. Law Journal, 290; Chamberlain v. Railroad, 71 Fed. 636.

*Platt Hubbell* and *George Hubbell* for respondent.

These facts being true, the Statute of Limitations, even if properly pleaded, would not have availed de-defendant. R. S. 1899, secs. 639, 4285; Water Works Co. v. School District, 23 Mo. App. 235; Wood v. Nortman, 85 Mo. 305.

ELLISON, J.—This is an action for double damages for killing plaintiff's stock which had strayed upon the defendant's track by reason of defective fences and cattle-guards. The judgment in the trial court was for the plaintiff.

The petition is in two counts. The first was for killing plaintiff's horse in December, 1901; and the second was for killing plaintiff's ten-month-old heifer calf in October, 1904. Defendant's answer admitted itself to be a railroad corporation organized under the law of Missouri and then denied each of the other allegations in each count of the petition.

The case shows that at the time the horse was killed the railroad was being operated by a receiver duly appointed by the federal court. The receiver was not appointed for this defendant, but for a lessee of this defendant. In other words, in June, 1897, this defendant leased the road to a corporation known as the Omaha, Kansas City & Eastern Railroad Company, the lease, by its terms, to expire in September, 1900. It will be observed that the receiver continued to operate the road after the date for the expiration of the lessee's lease and that the horse was killed after the date the lease expired and while he was so operating the road. But we do not see that this latter fact will affect our conclusion. We will consider the case of a lessor railway company leasing its road to a lessee company and a receiver being appointed for the latter, and while such receiver is operating the road an animal is killed by reason of defective

fencing of the track, or defective cattle-guards. In our opinion, the lessor company is liable.

We have heretofore considered the liability of a lessor company for the misfeasance of the lessee company in operating the road (McCoy v. Railway Company, 36 Mo. App. 445). The ground of that decision was that a railway company, holding its franchise from the State, could not escape responsibilities and liabilities which it assumed in accepting the franchise, by ceasing to run, maintain and operate the road and casting them upon another, whether that other was a lessee or licensee. So when this defendant leased the road to the lessee above mentioned, its liability for the consequence of defective fences and cattle-guards continued, and the appointment of a receiver for the lessee company, while, if we should concede that it might make a break in the liability of that company, could not, in any reason, affect the original liability of the lessor company.

The question has not been frequently presented, but when it has arisen it has been answered as we now answer it. The case of Parr v. Railway, 43 S. Car 197, is exactly in point. It was where the defendant railway had leased the road to a lessee company which latter was placed in the hands of a receiver, and while he was operating the road the plaintiff's animal was killed. The lessor company was held liable. The case of Railway Company v. Russell, 115 Ill. 52, also supports the view we announce. See also as bearing on the question, Railway Company v. Brown, 17 Wall. 445; Railway Company v. Jones, 155 U. S. 333; and Sunflower Oil Co. v. Wilson, 142 U. S. 313. Defendant has cited us to cases from the Supreme Court and the St. Louis Court of Appeals which counsel urge are contrary to the foregoing view. We think they are not applicable. In Turner v. Railway Company, 74 Mo. 602, the act complained of as occasioning the damage was the negligent act of the receiver's servants in operating the train whereby it

collided with plaintiff's wagon and team. In Heath v. Railway Company, 83 Mo. 617, it appears the action was for killing stock, but it does not appear how or why it happened. Judging from appellant's brief as reported, it was the negligence of the receiver's servants in operating the train. In Stevens v. Railway Company, 87 Mo. App. 26, the cause of action arose from the receiver's using a defective engine that set out fire on the plaintiff's premises. In each of the three cases it was the personal act of the receiver, or his servant, that occasioned the damage. While in the case at bar, the wrongful act was that of the defendant in not performing a duty enjoined upon it by law, viz., maintaining lawful fences and cattle-guards. In the Heath case it seems to be conceded that the company whose property has been placed in the hands of a receiver may be sued on account of its own obligations or duties. Furthermore, as suggested by plaintiff's counsel, in each of those cases the defendant was in the receiver's hands, while in this case the defendant was not in charge of a receiver; it being the lessee's interest in the property which was taken charge of by the federal court.

There are several other points made by defendant, but we do not consider any of them to be well founded. The loss of the horse, which, as already mentioned, is stated in the first count in the present action, was made the ground of a count in a former action, (115 Mo. App. 527) and it was there dismissed. The present action was then instituted within one year of the dismissal. So that though the time between the killing and bringing the present action was longer than the period of limitation, yet limitation is saved by bringing the present action within one year of the dismissal of the former.

In the former case the testimony of Dunlap was taken and preserved in a bill of exceptions. This testimony was read at the trial of this case from the bill of exceptions. [Section 3149, Revised Statutes 1899.]

124 App.—4

That section of the statute authorizes the reading of such evidence in the same manner as a deposition in the cause. [State v. Coleman, 199 Mo. 112, 97 S. W. 576.] Defendant claims the rule of practice is to notify the opposite party when there is an intention to read a former deposition and that therefore it should have been notified. We find on examination of the record that proper notice was given.

We regard the petition as amply sufficient after verdict. Neither do we discover any substantial ground of objection to the instructions. A careful examination of all points and suggestions of defendant has not satisfied us of our right to disturb the judgment and it is accordingly affirmed. All concur.