HEATH v. THE MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, *Appellant*.

1. **Corporation, Existence of**: LIABILITY: RECEIVERSHIP. The existence of a corporation is not destroyed or suspended by reason of its property and franchises being held in custody by a court of equity, and it may be sued upon all causes of action for which it may be or become liable *in personam*, and no license from such court is a condition precedent to the bringing of such actions.

2. **Corporation, Judgment Against**: HOW ENFORCED. A judgment obtained against a corporation whose property and franchises are held in custody by a court of equity, cannot be satisfied from its property in the hands of a receiver of such court, except through

the administering assistance of the court. But after its property is returned to its custody, such judgment could be enforced against it in the usual way.

3. **Corporation, Liability of**: RECEIVER. As a general rule a corporation cannot be subjected to obligations or liabilities incurred by a receiver, or his agents or servants while in charge of the corporate property. Only the receiver in his official capacity and the property in his charge are in such cases liable, and before the receiver can be sued, license to do so must first be obtained from the court of which he is an officer.

4. **Officer**: RETURN OF PROCESS: EVIDENCE. The return by an officer of the fact and mode of service of process when appearing in due form of law is conclusive upon parties to the record in all proceedings, except an action against the officer for a false return.

5. —— : —— : —— : Where the facts constituting lawful service, in the return of service of process by an officer, do not appear with all reasonable certainty the return is not conclusive but only *prima facie* evidence and may be impeached by competent proof.

6. **Railroads** : JURISDICTION : PROCESS. Under R. S., sec. 2865, jurisdiction of a railroad company can only be acquired by service of process upon its station agent in the township where the justice resides, or if there be none then upon the "nearest station agent" as therein provided, and the return of the constable that service was had upon "E. E. Dunnaway, agent at Estill depot in Howard county" is not sufficient.

7. —— : —— : ——. Where the property of a railroad company is in the hands of a receiver and its road operated by him, service of process upon the agent of the receiver will give no jurisdiction over the company.

*Appeal from Howard Circuit Court.*—HON. G. H. BURCK-HARTT, Judge.

REVERSED.

*Smith & Krauthoff* with *Thos. J. Portis* for appellant.

When this suit was brought, April 19th, 1876, also the date of service upon E. E. Dunnaway, agent at Estill depot, the railroad was in the hands of a receiver. The plaintiff had his option to proceed by action either against the receiver in his official capacity, leave of court that appointed the receiver being first obtained, or, under

our statute, against the railroad company itself as such.·
High on Receivers, §§ 395 and 397; *O. & M. R. R. Co. v.
Fitch*, 20 Ind. 498, affirmed in *Alsop v. McKinney*, 20·
Ind. 509. The plaintiff chose to proceed by action against
the railroad company itself. The receiver's possession is
not the possession of the corporation, but is antagonistic
thereto, and the company cannot control either the re-
ceiver or his employes. High on Receivers, § 396; *O. &·
M. R. R. Co. v. Davis*, 23 Ind. 553, 560; *Angel v. Smith*,
9 Ves. 335; *Wiswall v. Sampson* 14 How. ( S. C.) 52. The
agents, servants and employes required in operating the
railroad while in the hands of a receiver, are therefore
the agents, servants and employes of such receiver, and
not of the railroad company. *Maera v. Holbrook*, 20·
Ohio St. 137, 149; *McKinney v. O. & M. R. R. Co.*, 22·
Ind. 99, 100. That the agents, servants and employes of
the receiver are not also the agents, servants and em-
ployes of the company is evident from the fact that a
corporation itself cannot be held responsible for the neg-
ligence of the servants of a receiver operating the road.
*O. & M. R. R. Co. v. Davis*, 23 Ind. 553; *O. & M. R.
R. Co. v. Fitch*, 20 Ind. 498. The servants whose negli-
gence is complained of must be the servants of the
company and under the control of the company, in order·
to make the company liable. See authorities above cited,
also *McKinney v. O. & M. R. R. Co.*, 22 Ind. 100.

*R. C. Clark* and *Cosgrove, Johnston & Pigott* for·
respondent.

If the return of the constable, upon its face, shows a
proper service of the writ of summons upon defendant it
is conclusive as to the facts therein recited, whether true·
or false, except in an action against the constable for a
false return. It cannot be attacked in a proceeding of
this kind. *Phillips v. Evans*, 64 Mo. 23; *Bruce v. Hol-
den*, 21 Pickering 187, *et seq.*; *Hallowell v. Page*, 24 Mo.
590; *Dellinger's adm'r v. Higgins*, 26 Mo. 180; *Reeves*

*v. Reeves*, 33 Mo. 28; *Jeffries v. Wright*, 51 Mo. 215; *Magrew v. Foster*, 54 Mo. 258; *Wheeler v. R. R. Co.*, 24 Barb. 414. Where it is denied that process was served upon the agent of a corporation, as the return of a sheriff shows, the fact must be put in issue by the plea in abatement. * * * The defence attempted to be interposed by appellant is one that may properly be interposed by plea, but can only be done by one filed at the earliest opportunity. *Union Nat. Bank v. Kappers*, (S. C.) Illinois, January term, 1879; 22 Ill. 9; 22 Ill. 197. The law presumes that the constable did his duty and served the writ upon the defendant's agent, and not the agent of some one else. *Henry v. Dulle*, 74 Mo. 451; *School Directors v. School Directors*, 73 Ill. 255; *Long v. Joplin M. & S. Co.*, 68 Mo. 431; *Jones v. Relfe*, 3 Mo. 388: *Davis v. Bent*, 7 Iowa 55.

MARTIN, C.—This is a proceeding by motion to quash an execution on the ground that the defendant in the case in which it was issued was not served with process, and has never waived such service. The action was brought in Franklin township, Howard county, before a justice of the peace for killing on the 10th day of May, 1875, stock belonging to the plaintiff, valued at $150. The action was commenced on the 19th day of April, 1876, and process served on the same day. On the 27th day of May, 1876, judgment in the value claimed was given in plaintiff's favor as upon a default. A transcript of the record having been filed in the circuit court, the execution complained of was issued from that tribunal.

In the motion to quash it is alleged that the original process was not served upon the defendant; that defendant had no agents, servants or employes in this state capable of being served with process; that at the time of the supposed service the railroad and all the property of defendant had been taken from its management and control and was being operated by a receiver, appointed for that purpose by the circuit court of the United States

for the Western District of Missouri, and that the supposed service of process was upon the agent of the receiver,. if upon any one, and not upon the defendant or any of its agents, servants or employes. On trial of the motion it appeared from the order appointing the receiver and other evidence that the defendant was not in control of its road at the time of the alleged injury to plaintiff's stock, or at the date of the supposed service of process, but that it was being controlled and operated by the receiver under appointment of said court. The transcript showing the time and manner of service was submitted in evidence and thereupon the motion to quash was overruled, from which action of the court the defendant appeals.

I. The fact that the property and most of the franchises of defendant were held in custody by a court of equity for the purpose of enforcing satisfaction of specific claims against them, does not work a dissolution of the defendant as a corporation, or a cessation of its franchises. The corporate existence of defendant continues, although its dominion over its road and property may be in a state of suspension until they shall be returned to it by the court taking them in charge. Consequently, the defendant may be sued upon all causes of action for which it may be or become liable, *in personam* ; and no license from that court having charge of its property is necessary as a condition precedent to the bringing of such actions. No judgment thus obtained could be satisfied from its property in the hands of a receiver, except through the administering assistance of the court appointing him. After its property is returned to its custody by the court taking charge of it, such judgment could be enforced against it, in the usual way, on final process. There is nothing, therefore, impossible or illegal in a suit against the defendant, notwithstanding the receivership.

As a general rule, a corporation cannot be subjected to obligations or liabilities incurred by the receiver or his

agents or servants while in charge of the corporate property. The receiver, in his official capacity, and the property in his charge are alone liable in such causes of action, a fact which is expressly recognized in the order appointing the receiver, who operated the defendant's road. It follows, therefore, that if the action of plaintiff had been properly defended, he could not have recovered judgment, because the injury complained of resulted from the acts of the receiver or his agents within the scope of his official duty in operating the road. The defendant had nothing to do with it, and, by virtue of the receivership, was prohibited from operating the train, which came in contact with the plaintiff's stock. It could not have done so, without violating the order of the court dispossessing it of its road. I may remark in this connection, that it has been held in the state of Indiana, that, notwithstanding a railroad may be in the hands of a receiver, the corporation remains liable in all statutory actions like the one sued on in this case, although accruing after the receiver's appointment, and by reason of his own or his agents' acts; and that such actions may be brought in the usual mode prevailing in that state, by service of process on the conductors of passing trains. *O. & M. R. R. Co. v. Fitch,* 20 Ind. 498; *McKinney v. O. & M. R. R. Co.,* 22 Ind. 99; *Louisville, New Albany & Chicago R. R. Co. v. Cauble,* 46 Ind. 277. But on examination of these decisions it will be found that they were rendered in pursuance of state statutes expressly subjecting the corporations to such actions. It is provided in said statutes, in express terms, that the statutory action for killing or injuring stock may be brought against the company whether its road is being operated by itself, by a lessee, assignee, receiver or other person in the name of the company. In the absence of statutes to that end, there is nothing in this state to support the plaintiff's claim as a demand against the defendant corporation.

The receiver, in his official capacity, is the party lia-

ble for the injury complained of. Litigants are not at liberty to sue him when and where they please. A license to do so must first be obtained from the court of which he is an officer. I can hardly doubt that the plaintiff would have received a permission to that effect upon proper application. As these actions under our law are permitted to be brought before justices of the peace, in the township where the injury occurred, or in an adjoining township, a provision intended for the benefit of both parties, an application to prosecute his action in statutory form would be manifestly natural and commendatory. It is impossible for a court to take charge of a long line of railway and run it without incurring along its line the obligations and liabilities imposed upon the proprietors of such property by the laws of the state in which it is operated. Neither could it be operated successfully without the aid and protection of state laws. I believe it is customary to permit liabilities of this character, when incurred by the receiver, to be ascertained and determined in the counties in which the facts have transpired giving rise thereto, and according to the form of trial suited to the nature of the liability; the judgment when obtained to be classified and enforced by the court having charge of the property. A rational regard for the rights of all parties concerned is the foundation for this practice, and I am slow to believe that any court administering an enlightened system of jurisprudence would refuse to grant all proper orders to that end.

II. But, it is strenuously contended by plaintiff that, irrespective of the merits of his action, the defendant is estopped by the record from impeaching its verity. Its supposed verity goes back to and rests upon the constable's return of process. The rule of law prevailing in this state regards the return by an officer of the fact and mode of service of process, when appearing in due form of law, as conclusive upon the parties to the record in all proceedings, except an action against the officer for a false return. *Hallowell v. Page*, 24 Mo. 590; *Delinger*

*v. Higgins*, 26 Mo. 180; *McDonald v. Leewright*, 31 Mo. 29; *Reeves v. Reeves*, 33 Mo. 28; *Stewart v. Stringer*, 41 Mo. 400; *Jeffries v. Wright*, 51 Mo. 215; *Phillips v. Evans*, 64 Mo. 17; *Anthony v. Bartholow*, 69 Mo. 186; *Madison Co. Bank v. Suman*, 79 Mo. 527. The ground upon which this important rule rests is, that the officer declares in his return that he has done the things required of him to be done. When the return fails to disclose a performance of this official duty, substantially as required of him, no conclusive effect can be invoked to apply the rule. In some states a departure from this rule has been recognized in its application to corporations, when the service of process thereon is permitted by law to be made upon a designated agent of the corporation. It has been held that, however conclusive the return of service should be regarded as to the time, place and manner thereof, it should be treated as only *prima facie* evidence of the fact of agency. I am not aware that this departure has met with any approval in this state. The intimations of this court seem to make against it. *Magrew v. Foster*, 54 Mo. 258.

The return in this case reads as follows : "Executed as to said company as the law directs in such cases by reading the same to E. E. Dunnaway, agent at Estill depot, in Howard county, Mo., on the 19th day of April, 1876."

I do not think that this summons was "executed as to the company as the law directs in such cases." The mode of service is clearly expressed in section 2865, Revised Statutes, 1879. The summons must be addressed to the constable of the township in which the justice resides, and it must be served "on the station agent of such railroad company, if there be one in such township ; and if there be no such station agent in such township, the summons shall be served on the nearest station agent of the company in the county in which the action is pending." In making his return an officer is not required to follow the exact language of the statute, although it is always safer

to do so.   If he has done what the law commands, it is easier to say so in the language of the statute which commands him.   To clothe his return with the conclusive effect imputed to it by law, the facts constituting lawful service must appear in his return with all reasonable certainty.   If it is susceptible of two rational interpretations it is shorn of the conclusiveness which distinguishes an official return.   Intendments of the law which go to sustain the regularity of his actions as an officer, may lend to it the force and effect of *prima facie* evidence, but it is open to impeachment by competent proof.   Especially is this true when the objection is raised in the case itself. The return in question is neither in the language of the statute, nor in language which can be treated with any reasonable certainty as equivalent thereto.

Jurisdiction of the defendant could not be acquired by service of process on any agent belonging to it.   None but a station agent could answer the purpose.   The return fails to express that it was served on any agent of the company.   Perhaps, from the language used, such fact may be reasonably implied.   But it clearly fails to indicate that the person served was a "station agent." Either a conductor or section master found at the depot would answer the description of the person served.   Not only must he be a station agent but he must be the station agent of the station in the township where suit is brought, or the next nearest one in the county.   The return fails to state any such facts and we must resort to parol evidence for the purpose of determining where Estill depot is situated in Howard county.   The return not being in compliance with law does not conclude the defendant.   Being open to impeachment, in my opinion, it was successfully impeached by the evidence submitted which proved that the road and its equipments were all in the hands of a receiver, and that the defendant could not have had a station agent "at Estill depot" without violating the injunction upon which the receivership rests, a thing not to be presumed after delivery of the road to

the receiver. While the defendant may have had an agent there it could not have had one answering the definition of a station agent, or any one having charge of the station.

In accordance with these views the judgment is reversed and a judgment in favor of defendant quashing the execution is entered. All concur.