## BRUNNER, MOND & COMPANY, LIMITED, v. THE CENTRAL GLASS COMPANY.

[No. 2,253. Filed September 21, 1897.]

RECEIVERS.—*Persons Dealing With, Bound to Know Their Limited Powers.*—Persons dealing with a receiver are bound to know that he possesses limited powers, and is constantly subject to the orders of the power which created him. *p. 175.*

SAME.—*Liability of Corporation for Contracts Made by Receiver.*—Corporations, as a general rule, cannot be subjected to obligations or liabilities incurred by the receiver or his agents or servants while in charge of the corporate property. *p. 176.*

SAME.—*Discharge of Receiver.—Restoration of Property Subject to Debts.*—An order of court, upon the discharge of a receiver of a corporation, restoring the property to the corporation subject to the debts incurred by the receiver, applies only to such debts as could be legally enforced. *p. 177.*

SAME.—*Action for Breach of Receiver's Contract.*—The receiver of a manufacturing corporation, without an order of court, contracted for materials for use in carrying on the business for a period of ten months in advance, such materials to be delivered as needed, upon notice of the receiver. A part of the materials were received and paid for. The receiver refused to accept the balance, and was regularly discharged from the trust. *Held,* in an action for damages against the company for a breach of the contract, that it was within the discretion of the court to allow or disallow the claim. *pp. 175–179.*

Brunner, Mond & Company, Ltd., *v.* The Central Glass Company.

From the Madison Superior Court. *Affirmed.*

*J. W. Lovett*, and *H. C. Ryan*, for appellant.

*Charles L. Henry, E. B. McMahan* and *J. A. Van Osdol*, for appellee.

COMSTOCK, J.—This action was instituted in the court below by the appellant to recover damages from the appellee for the breach of a contract entered into between appellant and one James S. Corsant, as receiver of appellee, under an appointment by the circuit court of Madison county. Judgment below for appellee. The only error assigned is the overruling of appellant's motion for a new trial.

The receiver contracted with appellant to purchase of said company 200 tons of alkali for use in carrying on the business of his trust, to be delivered as needed, upon notice of the receiver, between November 15, 1893, and September 15, 1894. Of this amount, 142 tons were received and paid for. This suit is brought to recover damages alleged to have been sustained by the refusal of the receiver to accept the balance.

Before entering into the contract, the receiver had not asked for nor obtained the approval of the court of the same. Under the order of his appointment he was authorized to continue the business of appellee, to run and operate its factory, and to purchase all necessary supplies and materials, and employ hands for that purpose. Those dealing with a receiver are bound to know that he possesses limited powers, and is constantly subject to the orders of the power which created him. They must, also, be held to know that he can make no contract effectual against the trust which was not first authorized, or subsequently ratified by the court.

In *Lehigh Coal, etc., Co.* v. *Central R. R. Co.*, 35 N. J.

Brunner, Mond & Company, Ltd., *v.* The Central Glass Company.

Eq. 426, a suit in which the petitioners show that orders were issued to them by the purchasing agent of the receiver of the railroad for cross-ties and lumber to a large amount; that a part of the order had been filled and pay therefor received; that the former receiver had died; that the balance ordered had been offered to and refused by the present receivers. They asked that the present receivers be directed to accept and pay for the material offered and directed to receive that which should thereafter be offered under said order. The petition was dismissed. The court said: "They were at liberty to decline to contract until such authority was obtained. * * * If they chose to act without adopting such precautions as were necessary to insure against loss, they must be understood as having deliberately assumed whatever risk attended their venture."

As a general rule, corporations cannot be subjected to obligations or liabilities incurred by the receiver or his agents or servants while in charge of the corporate property. *Heath* v. *Missouri, etc., R. W. Co.*, 83 Mo. 617.

In the 20th volume of American and English Encyclopaedia of Law, pages 372 and 373, where a number of decisions are collected, it is stated that, while there is some uncertainty as to the extent to which the contracts of a receiver are binding upon the trust, the better opinion seems to be that, if the contract is not excessive or improvident, or if the contractor had no notice of such excessive or improvident character, the court will not allow the contractor to suffer actual loss in so far as the contract has been performed, although it may refuse to direct its enforcement. And this we believe to be a fair statement of the law.

Do the facts in the case at bar take it out of the general rule laid down in *Heath* v. *Missouri, etc., R. W. Co., supra?*

Brunner, Mond & Company, Ltd., *v.* The Central Glass Company.

Appellant's learned counsel contend that the defendant corporation is bound, because the supplies contracted for were.proper, the price agreed to be paid reasonable, the contract entered into in good faith, and the order discharging the receiver and restoring the property of the estate to the defendant corporation made said restoration subject to the debts contracted by the receiver.

Under the order of appointment, the receiver had the right to apply money in his hands belonging to the trust at the time he entered on the discharge of his duties, or money received thereafter from its earnings, for such purposes as were necessary, in his judgment, within the purview of the order, to carry on the business, taking the risk, if any, that the court would approve his action. The order was not, we think, broad enough to authorize him to bind the trust by a contract for supplies for a period of ten months in advance,without the sanction of the court. Without such sanction, the court would be free to deal with it as it deemed just; to modify, approve, or disregard it entirely. It was in the power of the court to close up the receivership at any time, and the exercise of this discretion was not to be hampered by a contract of the receiver extending engagements for stated periods.

In its action, the court would look to the interest of the trust rather than to that of the contractor (appellant), who had chosen to act in the premises without adopting such precautions as were necessary to insure against loss. *Lehigh Coal, etc., Co., v. Central R. R. Co., supra.*

That part of the order discharging the receiver which made the restoration of the property to the appellee company subject to the debts incurred by the receiver would apply only to such as could be legally enforced.

The record does not disclose that the court which appointed and discharged the receiver had any knowledge of the contract in question. The final report of the receiver makes no mention of it. The order could not, therefore, have been intended to apply to it.

This is not an action to recover the value of merchandise received by the estate, and from which it would be presumed to have derived benefit. It was for the trial court, from all the evidence, to determine whether the claim in suit should be enforced against the trust property. There was evidence before the trial court that the amount of alkali contracted for was greater than could be used within the time named; that it could have been purchased for a price less than contracted for if it had been ordered as used. The court could reasonably, therefore, have held that the contract was not in the interests of the estate.

In *International, etc., R. R. Co.* v. *Herndon* (Civ. App. Tex.), 33 S. W. 377, a case in which an attorney was engaged by a receiver of the railroad as general solicitor at a stipulated annual salary, and who sought in a court, other than that by which the receiver was appointed, to enforce against the corporate property, a claim for balance of compensation under such contract. It was held that he must show that his claim was authorized or approved by the court which had control of the receiver, although he had received compensation under the contract from time to time from the receiver. The court said: "It would seem to follow that a party suing in another court to enforce a charge against the property should show that his claim, the validity of which, as such a charge, is dependent upon approval of the court which had control of the receiver, had been approved by that court, or had at least been authorized by it. * * * The duty of making allowances to the receiver and fixing the

expenditures properly chargeable to the fund necessarily belongs to the court whose officers the receivers are."

We do not deem it necessary to adopt the foregoing view for the purposes of this case, and hold that the present action would not lie upon the ground that it was brought in a court other than the one appointing the receiver, upon a contract not authorized by that court, but hold that the law invested the trial court with the discretion, under the facts of the case, to allow or disallow the claim of appellant, and we can not say that it abused that discretion in disallowing it.

Judgment affirmed.