LEHIGH VALLEY R. CO. v. DELACHESA.

(Circuit Court of Appeals, Second Circuit. April 2, 1906.)

No. 140.

RAILROADS—CONNECTING LINES OPERATED AS SINGLE SYSTEM—LIABILITY FOR NEGLIGENCE OF SUBORDINATE COMPANY.

Where one railroad company controls others through the ownership of their stock and operates the lines of all as a single system, though the general management of each road is retained by the corporation owning it, the relation between the dominant and subordinate companies with respect to traffic originating on the lines of the former is that of principal and agent, and the dominant company is directly liable for an injury to one employed in unloading one of its own cars on the tracks of a subordinate company through the negligence of employés of the latter.

[Ed. Note.—For cases in point, see vol. 41, Cent. Dig. Railroads, §§ 824, 826.]

In Error to the Circuit Court of the United States for the Southern District of New York.

Allan McCulloh, for plaintiff in error.
E. J. McCrossin, for defendant in error.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

PER CURIAM. The only assignment of error which it will be necessary to consider is whether the trial judge erred in refusing to direct a verdict for the defendant upon the ground that it was not responsible for the acts of the men by whose fault the plaintiff was injured. The plaintiff, an employé of a firm of stevedores, was injured while unloading iron from a car standing on a sidetrack of the Lehigh Valley Terminal Railroad Company, at the dock of that company at Jersey City. It was undisputed that if the accident was caused by negligence, other than that of the plaintiff or his co-employés wholly or in part, the negligence was that of the men in charge of the dock or the men in charge of the train which backed down upon the car on which the plaintiff was at work. It was established that the track and dock

had been leased by the terminal company to the Easton & Amboy Railroad Company, and that the men in charge of the dock and the men in charge of the train were the employés of the Easton & Amboy Railroad Company. Much evidence was introduced upon the trial for the purpose of showing that the defendant and the Easton & Amboy Railroad Company were a partnership for the business of conducting their joint traffic, and to establish the relations between these two corporations which were considered by this court in Lehigh Valley Railroad Co. v. Dupont, 128 Fed. 840, 64 C. C. A. 478. But the trial judge did not place the liability of the defendant upon the ground that it was answerable for the negligence of its copartner, and only allowed this evidence to be considered upon the question of fact whether the defendant or the Easton & Amboy Railroad Company was in actual control and operation of the freight train and the dock in delivering the iron. He instructed the jury that unless they found that the defendant itself was engaged in delivering the iron (i. e., delivering it on board its cars at the dock), it did not owe any duty to the plaintiff and was not liable. If the evidence authorized the jury to find this to be the fact, and the employés of the Easton & Amboy Company were temporarily the servants of the defendant, for that purpose and solely under its control, it is hardly disputable that the defendant was responsible for the negligence of these employés. We think there was sufficient evidence upon this issue to present a question of fact to the jury. The freight cars and the engine belonged to the defendant; the iron had not been reshipped, but was being delivered from the cars in which it was originally received by the defendant upon the line of its own road. Its relations with the Easton & Amboy Railroad were such that the facts that its cars were being run upon the road of that company, and the employés of that company were conducting the operation of delivering the iron instead of the employés of the defendant, had comparatively little significance. The track and dock, as well as the whole line of the Easton & Amboy Railroad Company, were a part of the Lehigh Valley System, over which the defendant had the potential and ultimate control. It appeared that prior to 1892 the defendant had operated the Easton & Amboy Railroad under a lease, but in that year the lease was annulled by a decree of the state court in a suit brought by the Attorney General. Thereafter the substantial relations between the two roads were the same as before. The defendant owned all the stock of the Lehigh Valley Terminal Company, and that company was the owner of all the stock of the Easton & Amboy Railroad Company. The secretary of the defendant testified that the only difference, so far as the actual operation of the roads was concerned, was that before the decree the records of all the transactions of the two companies had been kept in one set of books, and since that time they had been kept in two sets of books; and that thereafter until the time of the accident the same person was president of both, the same person the general manager of both, the same person the superintendent of both, and the same persons were the heads of the operating departments of both.

We are of the opinion also that the evidence showing the relations,

at the time between the defendant and the Easton & Amboy Railroad Company would have justified the trial judge in instructing the jury that the defendant was liable for the negligent acts of the employés of the Easton & Amboy Railroad Company, upon the principle applied by this court in the Dupont Case. It was conceded upon the argument by the plaintiff in error, and is stated in its brief, that the evidence as to the relations between the two corporations, as summarized in the opinion of the court in that case, was substantially the same in that case and in the case at bar; but it is argued that the principle of that case is not applicable here, because the question there was as to the liability of the defendant to a passenger, while here it is as to its liability to a person as to whom it had no contractual responsibility. We held in the Dupont Case that where the lines of several railroad corporations are conducted as a single road for the purposes of the traffic between different points originating upon either, the corporations may constitute themselves a partnership for the business of such traffic; and when they do, although the general management of each road is retained by the corporation owning it, the several corporations are as to such business, partners, and liable upon the principles of the law of agency. We held that the facts proved established that relation between the defendant and the subordinate companies of its system, including the Easton & Amboy Railroad Company; and finding this to be the relation between the two companies, we held that the defendant was liable for personal injuries received by a passenger who had bought a ticket of the defendant entitling him to transportation over the Easton & Amboy Railroad, and who was injured at a station upon that railroad while attempting to board the train in consequence of an improperly constructed platform. The negligence in that case was the breach of the implied duty of the railroad carrier, to a passenger to provide him with a safe means of access to the train. The negligence in this case is the breach of the implied duty of a carrier, who has invited a plaintiff to engage in unloading its cars, to afford him proper protection while performing the work. We discover no difference in principle between the two cases.

In conclusion it is proper to express our regret that so large a part of the long time occupied in the trial of this case in the court below should have been required in trying to prove the relations between the defendant and the subordinate railroads of its system. Apparently it was difficult, if not impossible, for the plaintiff to ascertain whether the terminal company, the Easton & Amboy Company, or the defendant itself, was responsible for his injuries. The question was not one of practical importance to the defendant, but merely whether it should be called upon to pay out of one or another of its several purses. It does seem as if the court below should have been spared this expenditure of time.

The judgment is affirmed.