## ST. LOUIS & S. F. R. CO. v. BEACH.

### No. 360. Opinion Filed May 10, 1910.

#### (108 Pac. 1098.)

**CARRIERS—Loss of Freight—Action for Damages—Evidence.** Evidence examined, and held not sufficient to charge the defendant with liability for the lost shipment.

(Syllabus by the Court.)

*Error from Jackson County Court; E. E. Gore, Special Judge.*

Action by B. F. Beach against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Flynn & Ames* and *R. A. Kleinschmidt,* for plaintiff in error. —Citing *Peterson v. Railway Co., 205* U. S. 375.

*Everett Petry,* for defendant in error.—Citing *M. K. & T. Ry. Co. v. Wells* (Tex.) 58 S. W. 842.

KANE, J. This was an action to recover damages for a shipment of meat lost in transit. The petition alleges, in substance, that on or about the 22d day of January, 1907, the plaintiff delivered to the defendant, at Stephenville, Tex., one box of meat to be delivered by the above-named defendant to this plaintiff at Altus, Okla.; that said meat was never delivered at Altus to the above-named plaintiff. There was judgment for plaintiff below, to reverse which this proceeding in error was commenced.

The evidence introduced at the trial tends to show that the box was delivered to the Ft. Worth & Rio Grande Railway Company at Stephenville, Tex., on the 22d day of January, 1907. Paragraph 6 of the bill of lading issued by said company reads as follows:

"It is further stipulated and agreed that in case of any loss, detriment or damage done to or sustained by any of the property herein receipted for during such transportation, whereby any legal liability or responsibility shall or may be incurred by the terms of this contract, that company alone shall be held answerable therefor

in whose actual custody the same may be at the time of the happening of such loss, detriment or damage."

The shipment did not arrive at destination at all. There was no evidence as to where the loss occurred, whether on the line of the Ft. Worth & Rio Grande Railway Company, the St. Louis & San Francisco Railroad Company, or other carrier. The petition of plaintiff alleges that the shipment was delivered to the defendant, and that it failed to transport the same to destination. In order to avoid the effect of variance between the evidence and the pleading the plaintiff endeavored to show that the Ft. Worth & Rio Grande Railway Company and the defendant company are in fact the same; that the St. Louis & San Francisco Railroad Company was liable for the shipment notwithstanding there was no evidence introduced showing that the shipment was lost while under its control.

For this purpose Cage Beach was called, who testified as follows:

"Q. State your name, please? A. Cage Beach. Q. Where do you reside? A. Altus, Okla., Q. Did you, during the latter part of 1906, and the first part of the year 1907, bear any relation to the St. Louis & San Francisco Railroad Company? A. I was emigration agent for the Frisco for about four years. Q. What privileges, if any, of the railroad did that give you? By Mr. Stevens: Objected to as immaterial. (Objection overruled. Defendant excepts.) A. Free transportation. Q. Over what railroad? A. Frisco System. Q. I will ask you if, on that transportation, you were allowed to travel over the Ft. Worth & Rio Grande? By Mr. Stevens: Objected to as incompetent, irrelevant, and immaterial. (Objection overruled. Defendant excepts.) A. Yes, sir. Q. I will ask you to state, if you know, from your relation with the Frisco Railroad Company, whether or not that railroad that runs from Ft. Worth, Tex., to Brownwood, Tex., and passes through Stephenville, Tex. is a part of the St. Louis & San Francisco Railroad. By Mr. Stevens. Objected to as incompetent, irrelevant, and immaterial, the proper foundation not laid, and the witness not shown to be qualified to answer. (Objection overruled. Defendant excepts.) A. Yes, sir; it is controlled by the Frisco System. By Mr. Stevens: The defendant moves to strike out the answer of the

witness for the reason that the same is incompetent, irrelevant, and immaterial, and gives a conclusion of the witness, and is not the statement of any fact. (Motion overruled. Defendant excepts.) Q. I will ask you to state, if you know from your relation with the Frisco Railroad, whether or not they have a direct line of transportation and travel from Stephenville, Tex., to Altus, Okla.? By Mr. Stevens: Objected to as incompetent, irrelevant, and immaterial, witness not shown to be qualified to answer, and for the further reason that the question calls for a conclusion of the witness. (Objection overruled. Defendant excepts.) A. Yes, I rode over the Frisco System from here to Stephenville, Tex. By Mr. Stevens: I move to strike out the answer for the reason that the same is incompetent, irrelevant, and immaterial, not responsive to the question, and gives a conclusion of the witness. (Motion sustained on the ground that the answer is not responsive.) Q. I will ask you to state, if you know, as a fact whether or not the Frisco Railroad has a continuous line of railroad from Stephenville, Tex., to Altus, Okla.? By Mr. Stephens: Objected to as incompetent, irrelevant, and immaterial, witness not shown to be qualified to testify, and calls for a conclusion of the witness; not the best evidence. (Objection overruled. Defendant excepts.) A. Well, I will only answer it in this way: That I was an employee of the Frisco Railroad Company at that time, and my employers always represented to me that that was their system that I traveled over from here to Stephenville, Tex., and I had no transportation over any other road, only as they requested it for me. By Mr. Stevens: Objected to as incompetent, irrelevant, and immaterial, for the reason that the same is not responsive to the question, and that the same gives the result of hearsay testimony and investigation, and does not state any fact within the knowledge of the witness, and we move the court to strike the entire answer from the record for that reason. (Motion will be sustained until it is shown what particular agents made the representations. Motion to strike out will be sustained.) Q. In what capacity were the parties acting that made these representations to you? By Mr. Stevens: Objected to as incompetent, irrelevant, and immaterial, and the proper foundation not laid. (Objection overruled. Defendant excepts.) A. S. A. Hughes, general emigrant agent; Charlie Janau, he is the chief clerk of the general passenger agent in A. Hilton's office; also the traveling passenger agent, Charles Sellers. By Mr. Stevens: The defendant objects to the testimony and moves to strike

it out for the reason and upon the ground that it is hearsay, incompetent, irrelevant, and immaterial; that the authority of the respective parties named is not shown which would permit them to make any statement binding upon the defendant. (Objection overruled. Defendant excepts.) Q. State whether or not the parties just named represented to you that the continuous line of railroad from Stephenville, Tex., over which they furnished you— By Mr. Stevens: Objected to as incompetent, irrelevant, and immaterial and the proper foundation not laid; the authority of the parties named not shown to be such as to bind the company. (Objection overruled. Defendant excepts.) A. They represented it as the Frisco System, but under different management from the St. Louis office as to transportation."

M. A. Snyder, as a witness for plaintiff, testified as follows:

"Q. State your name? A. M. A. Snyder. Q. Where do you reside? A. Altus, Okla., Q. What is your occupation? A. Railroad agent. Q. For what road? A. Frisco. Q. I will ask you whether or not the Ft. Worth & Rio Grande is a part of the Frisco? A. To the best of my recollection, it is. Q. I will ask you whether or not the St. Louis & San Francisco Railroad has a continuous line from Stephenville, Tex., to Altus, Okla.? A. The Frisco System has. Q. That is all. Cross-examination by Mr. Stevens: Q. The Ft. Worth & Rio Grande Railway Company is an independent line under a separate and distinct management, is it not? A. To the best of my recollection. Redirect examination by Mr. Petry: Q. The Ft. Worth & Rio Grande is a part of the Frisco System, is it not? A. Well, not, so far as operating is concerned, it runs under a distinct set of officials. Q. But the real ownership and control of the Ft. Worth & Rio Grande is in the Frisco? A. I cannot say. Q. Did you not state in answer to my first question that it was a part of the Frisco System? A. So far as my recollection goes, it was. Recross examination by Mr. Stevens: Q. You have no personal knowledge of what the traffic arrangement is between the Ft. Worth & Rio Grande and the Frisco System? A. I have not; no, sir. Q. And you know from your railroad experience that the Ft. Worth & Rio Grande and the Frisco Railroad Company are operated by separate and distinct officials? A. They are, yes."

It is contended by counsel for plaintiff in error that the attempt of the plaintiff to show such connection or relation between the Ft. Worth & Rio Grande Railway Company, the initial car-

rier, and the St. Louis & San Francisco Railroad Company, the defendant in this case, as to make the defendant liable, was wholly unsuccessful; that the evidence offered was largely hearsay and entirely insufficient to fasten any liability upon the defendant company. This contention is well taken. Most of the evidence introduced over objections of counsel was hearsay, and all of it was incompetent for the purpose for which it was offered. On this ground alone the judgment must be reversed.

The judgment of the court below is reversed, and the cause remanded, with directions to grant a new trial.

All the Justices concur.