**MILLS, Rec., v. DAUBENHEYER et al.**

No. 12055—Opinion Filed Oct. 9, 1923.

Rehearing Denied Jan. 15, 1924.

(Syllabus.)

**1. Venue — Joint Defendants — Jurisdiction of Nonresidents.**

In order to give a court jurisdiction over joint defendants who are nonresidents of the county where suit is brought and for whom summons has been issued to another county, the averments of the petition and the proof on the trial must show that the plaintiff has a valid joint cause of action against the resident defendants on whom valid service is had as well as against the nonresident defendants.

**2. Railroads — Receivers — Powers.**

Where a receiver is appointed to take charge of and operate the property of a railroad company, the property is in the possession of the court and the receiver acts for the company and has no powers except those conferred upon him by the orders of the court and such as may be reasonably implied therefrom.

**3. Same — Parties Defendant — Jurisdiction.**

Evidence examined, and held insufficient to show that the plaintiff had a valid cause of action against the resident defendant, Ft. Smith & Western Railroad Company, and, hence, the court had no jurisdiction to render judgment in the case.

Error from District Court, Le Flore County; E. F. Lester, Judge.

Action by W. E. Daubenheyer and another against A. L. Mills, receiver. Judgment for plaintiffs, and defendants bring error. Reversed and remanded, with directions.

H. P. Warner and M. D. Libby, for plaintiffs in error.

Ledbetter, Stuart, Bell & Ledbetter and A. G. Morrison, for defendants in error.

COCHRAN, J. This action was brought by defendants in error in the district court of Logan county against A. L. Mills, receiver of the Ft. Smith & Western Railroad Company, and A. L. Mills, receiver of the St. Louis, El Reno & Western Railway Company. Service of summons was obtained on an agent of A. L. Mills, receiver of the Ft. Smith & Western Railroad Company, in Le Flore county, and service of summons was obtained on an agent of A. L. Mills, receiver of the St. Louis, El Reno & Western Railway Company in Canadian county. The accident which is the basis of this action occurred on the line of the St. Louis, El Reno & Western Railway Company, and it is the contention of the plaintiff in error that the district court of LeFlore county had no juris-

diction of the case because the petition and the proof show that there was no cause of action against the Ft. Smith & Western Railroad Company, upon which company service was procured in Le Flore county.

The defendants in error contend that the facts in this case bring it within the decisions of this court in St. Louis & San Francisco Railroad Co. v. Sanford, 54 Okla. 185, 153 Pac. 650, and Wichita Falls & Northwestern Railway Co. v. Puckett, 53 Okla. 463, 157 Pac. 112. They contend that the facts in this case show that the St. Louis, El Reno & Western Railway Company owned and operated a railway extending from the city of El Reno in Canadian county to a point near the city of Guthrie in Logan county, and that the Ft. Smith & Western Railroad Company owned and operated a railroad extending from a point near the city of Guthrie in Logan county to the city of Ft. Smith, in the state of Arkansas, and that the Ft. Smith & Western Railroad Company owned 51 per cent. of the stock of the other road and operated both roads.

The testimony discloses that at the time of the accident the St. Louis, El Reno & Western Railway Company was being operated by a receiver appointed for the property of that road by the United States District Court of the Western District of Oklahoma, and that the Ft. Smith & Western Railroad Company was being operated by a receiver appointed by the United States District Court for the Western District of Arkansas. A. L. Mills was the receiver for the property of both roads, but operated the same under authority of different courts and by virtue of different appointments. The testimony further discloses that the United States District Court for the Western District of Arkansas had made no order authorizing the said A. L. Mills as receiver for the property of such road to operate trains on the property of the St. Louis, El Reno & Western Railway Company, or to transact any business except in connection with the property of the Ft. Smith & Western Railroad Company. Even though the facts in this case were such as to bring it within the rule announced by this court in Wichita Falls & Northwestern Railway Company v. Puckett and St. Louis & San Francisco Railroad Company v. Sanford, supra, prior to the appointment of the receivers for the respective roads, upon the appointment of the receivers the property of the respective roads came into the possession of the courts and each was operated by the court having jurisdiction of the property of that particular road through its duly appointed

receiver. In these circumstances, without authority from the proper court, there could be no identity of corporations or joint control of the two roads so as to make the receiver for the Ft. Smith & Western Railroad Company liable for the acts of negligence in the operation of trains over the line of the St. Louis, El Reno & Western Railway Company. Catlin v. Wilcox S. P. Co. (Ind.) 24 N. E. 250; Hendrix & Bolthoff Mfg. Co. v. Parry (Colo.) 86 Pac. 113; Monds & Co. v. Cent. Glass Co. (Ind.) 47 N. E. 686; Booth v. Clark, 17 How. (U. S.) 330. 15 L. Ed. 164; Hills v. Parke, 111 Mass. 508; First National Bank v. White Ash Coal Co. (Iowa) 176 N. W. 287; Porter v. Sabin, 149 U. S. 747, 37 L. Ed. 815.

This action was filed without previous leave of the court in which the receivers had been appointed and, therefore, an act of negligence for which suit could be maintained against the Ft. Smith & Western Railroad Company must have been one in respect to some act or transaction of the receiver of such property in carrying on the business connected with such property. United States Comp. Stat. 1901, page 583. Since we have concluded that the receiver of the Ft. Smith & Western Railroad Company had no authority from the court having jurisdiction of the property to operate trains over the St. Louis, El Reno & Western Railway Company, the act complained of could not have been a transaction of the receiver in carrying on the business connected with the property in his custody as such receiver, and therefore, there was no liability on the part of the receiver of the Ft. Smith & Western Railroad Company.

Having reached this conclusion, it necessarily follows that the district court of Le Flore county had no jurisdiction of this case, as this court, in Fisher v. Fiske, 96 Okla. 36, 219 Pac. 683, held:

"In order to give the court jurisdiction over joint defendants who are nonresidents of the county where the suit is brought and for whom summons has been issued to another county, the averments of the petition and the proof on the trial must show that the plaintiff has a valid joint cause of action against the resident defendants on whom valid service is had, as well as against the nonresident defendants."

For the reasons stated, the judgment of the trial court is reversed, and cause remanded, with directions to dismiss the case.

JOHNSON, C. J., and NICHOLSON, BRANSON, and MASON, JJ., concur.