THE STATE OF NEBRASKA, EX. REL. BALLENTINE, V. W. S. PENISTON 'AND E. B. WARNER.

1. **Elections:** CONTESTING ELECTIONS: NOTICE. A notice of contest of election which states that the contestant was an elector of the district, the points of contest, the office contested, and the date at which its duties commenced, the person selected to take depositions, and the time and place of taking the same, is sufficient.

2. ———: ———: DEPOSITIONS. The persons selected to take depositions, if they refuse to take testimony offered relating to the points of contest, may, after entering upon their duties, be compelled by mandamus to proceed.

ORIGINAL application for a peremptory writ of mandamus.

*Galey & Abbott*, for relator.

*C. J. Greene* and *Hinman & Neville*, for respondents.

MAXWELL, CH. J.

This is an application on notice for a peremptory writ of mandamus. The application states in substance that David C. Ballentine is an elector of the county of Frontier in the 26th senatorial district, and that on the 2nd day of November, 1880, at a general election in said county and district for the election of a state senator therein, to represent said district in the legislature of the state, he was legally elected to said office, and received a plurality of all the votes cast at said election in said district for said office; that Henry Snyder also is a resident of said senatorial district and claims to be elected to said office, but that he did not receive a plurality of the votes so cast and was not elected to said office; yet the board of canvassers issued a certificate of election to him certifying that he was elected thereto. That within twenty days next following said election the relator gave notice in writing to said Snyder that he would contest his election, which notice set forth the points upon which Snyder's election would be contested, and gave the name of W. S. Peniston, who is authorized by law to administer oaths, as the person selected by the relator to take testimony in the case, and said notice designated the time and place for taking said testimony; that said Snyder selected one E. B. Warner to assist in taking the evidence in the case. That at the time and place designated the defendants entered upon the duties of their office, and after they had accepted such appointments they refused to receive the testimony offered by the relator upon the ground that the notice of contest was insufficient,

and thereupon dismissed the proceedings. A copy of the notice is set forth in the application. The defendants demurred to the application, alleging particular grounds of demurrer, the substance of which is that the facts stated in the application are not sufficient to entitle the relator to the relief prayed for.

The statute provides that "whenever any elector of this state chooses to contest the validity of the election of any of the officers of the executive department of the state, or whenever any elector of the proper county or district chooses to contest the election of any member of the legislature from such county or district, such person shall give notice thereof in writing, read such notice to and leave a copy thereof with the person whose election he intends to contest, within twenty days after the election; if the person cannot be found in his district, then a copy to be left at his last place of residence in the district, naming the points on which the election shall be contested, and the name of some person authorized by law to administer oaths selected by him to take the depositions, and the time and place of taking the same." Laws 1879, 261.

The statute provides upon what grounds an election may be contested, and the grounds set forth in the notice are among those therein provided. The notice states in substance that the contestant is an elector of the district, and states the points of contest, the office contested, and the date at which its duties commence, the person selected by the contestant to take depositions, and the time and place of taking the same. This is sufficiently definite in its statements to comply with the requirements of the statutes. The objections to the notice are therefore not well taken.

The statute requires the two persons selected as above provided to proceed jointly to take the depositions, or in default of either of such persons to attend

The State v. Peniston.

at the time and place fixed upon, the one attending shall proceed to hear and reduce to writing the testimony of all the witnesses who may be produced by either of said parties, and may adjourn from day to day until all of such testimony shall have been taken and reduced to writing; provided that all the testimony shall be taken on or before the twenty-sixth of December following.

It is also provided that no testimony shall be received by the persons thus selected to take depositions on the part of the contestant which does not relate to the points specified in the notice. This provision would seem to give the persons selected to take depositions power to determine what testimony was applicable to the points specified in the notice. But as no objection is made on that ground it is unnecessary to consider it. It is the duty of the defendants to proceed and take the testimony offered by the contestant relating to the points specified in the notice and such testimony as may be offered by the contestee, and reduce the same to writing. A peremptory writ of mandamus will therefore be issued as prayed.

JUDGMENT ACCORDINGLY.