ABDON L. BURKE, PLAINTIFF IN ERROR, V. ARTHUR V. PERRY, CHAIRMAN BOARD OF COUNTY COMMISSIONERS, AND WILLIAM F. WAGNER AND JONAS E. CHAMBERS, DEFENDANTS IN ERROR.

[FILED MAY 16, 1889.]

1. **Elections:** CONTESTING ELECTION. A complaint filed in an election contest will be held sufficient in substance if the statute which prescribes what its contents shall be, is followed.

2. **Judgment.** The decision of a special tribunal, where it has jurisdiction of the subject-matter and parties, is conclusive, unless reversed or modified in the mode provided by law. (*State v. Nelson*, 21 Neb. 572.)

3. **Elections:** CONTEST: PARTIES. A contest of an election is an adversary proceeding, and, where the election to be contested is

one upon the question of relocating a county seat, persons or localities having an interest adverse to the contestant, or some of them, are necessary parties to the contest, and such interest must be shown by the complaint.

APPEAL from the district court of Gosper county. Heard below before COCHRAN, J.

*Capps & McCreary,* for appellants, cited: 1 Story Eq. Pl., sec. 543; *Skinner v. Stewart,* 13 Abb. Pr. (N. Y.) 442; *Laws v. Vincent,* 16 Neb. 208.

*W. S. Morlan,* and *Marquett, Deweese & Hall,* for appellees, cited: *Scott v. McGuire,* 15 Neb. 303; *Peck v. Weddell,* 17 Ohio St. 284; *Demarest v. Wickham,* 63 N. Y. 320.

REESE, CH. J.

This was a proceeding to contest a county-seat election in Gosper county. A complaint was filed in the district court, to which the defendants demurred, and upon the demurrer being sustained and the case dismissed, the plaintiff brings it into this court by proceedings in error, assigning as such error the decision of the district court on the demurrer. The complaint is entitled:

"ABDON L. BURKE,
      *Complainant,*
      *v.*
"ARTHUR V. PERRY, CHAIRMAN BOARD OF COUNTY COMMISSIONERS, AND WILLIAM F. WAGNER AND JONAS E. CHAMBERS."

There is no allegation in the complaint that any of the defendants are the board of county commissioners of Gosper county; nor is any other reference made to them in any part of it.

The allegations of the complaint may be fairly summarized as being, that on the 2d day of October, 1888, a petition purporting to be signed by three-fifths of the voters of Gosper county, as shown by the last preceding general election, was filed with the board of county commissioners, asking them to call a special election in said county for the purpose of voting upon the question of relocating the county seat of said county; and that said board, treating the petition as legal, and complying with the requirements of the law, ordered an election for the purpose named to be held on the 30th day of the same month, which election was accordingly held; that the board had no authority nor jurisdiction to call said election, for the reason that the petition was not signed by three-fifths of the legal voters of said Gosper county; that at the election held, there was malconduct, fraud, and corruption, in two precincts in the county, to wit, Plum Creek and Robb precincts; that at Plum Creek the judges of the election knowingly permitted fraudulent and illegal votes to be cast by persons under twenty-one years of age, and by persons who were not citizens of the United States, nor of this state, and those who had not resided in the state, county, and precinct, a sufficient length of time to be entitled to vote at said election; that the voters and parties interested in the election were not permitted to see the ballot-box during the election, but that it was kept secreted and in a place where it could not be seen during the progress of the election; and that while counting the ballots, in making the returns, those who were opposed to the relocation of the county seat were, by said judges, refused admittance to the room in which the canvass was made, and did admit those who were favorable to such relocation, the judges of election at the time well knowing the interest of the persons so admitted and excluded; "that the ballots so cast at said polling place aforesaid and received by the said judges of election in said precinct, were sufficient to change the result of said election;" that the

polls were opened and the voting commenced "long before eight o'clock in the morning of said 30th day of October, the day fixed in said notice for the holding of said election, and that sundry and divers votes were so at said time cast by sundry persons" to the complainant unknown, "the number thereof being sufficient to change the result of said election;" that there were legal votes suppressed by the judges of said election in said Plum Creek precinct, they being votes cast in favor of Homerville, but that the judges of election refused to count or canvass them, and abstracted them from the ballot-box and destroyed them. That in Robb precinct the judges of election knowingly received the votes of persons under twenty-one years of age, and votes of persons who were non-residents of the state, county, and precinct, and of those who had not resided in the precinct a sufficient length of time to entitle them to vote, and that the said fraudulent votes so cast were sufficient in number to change the result of the election in said county; that after the votes of said precinct were counted and canvassed, the clerks of election failed to sign the poll-books, and the judges of said election failed to certify to the vote and the count thereof.

It was alleged generally with reference to the election in the county, that parties favorable to the relocation of the county seat, at said election "offered and gave to electors and canvassers of said election, bribes, rewards, and money, for the purpose of procuring the relocation of the county seat  *  *  *  in their endeavors to have the same located at the village of Ellwood, in said county."

That there were illegal votes received at said election sufficient to change the result thereof.

That parties favoring the location of the county seat at Ellwood, by the use of bribery and money, procured parties to cast their votes in one precinct and then go to another precinct in said county and cast similar votes thereat;

there being sufficient bribes, and repeating votes cast, to change the result of said election.

That the reason the names and number of persons illegally voting at said election were not given, was that the judges of election in whose custody the poll-books were placed, refused to permit the complainant to inspect said poll-books, and would not allow any one opposed to the relocation at Ellwood to see or inspect them, claiming they did not know where nor in whose possession they were.

The demurrer was upon the following grounds:

"First—Said complaint does not state facts sufficient to constitute a cause of action.

"Second—Said complaint does not state facts sufficient to constitute a cause of action against these defendants or either of them.

"Third—There is a defect of parties defendant."

The questions presented by the demurrer are in reality but two. These are as to whether the complaint contained averments of facts sufficient to entitle the contestant to the relief demanded, admitting the truth of all material facts well pleaded, and as to whether defendants are the proper sole parties to the action as contestees.

Sections 81 and 82 of chapter 26 of the Compiled Statutes of 1887, provide the method by which a contest may be instituted, which is, by complaint filed in the district court (sec. 70) and which shall contain the name of the contestant, the averments that he is an elector competent to contest the name of the incumbent, the officer (or question) contested, the time of the election, the particular causes of contest, if illegal votes are received, or legal votes rejected, the names of the persons who so voted, or whose votes were rejected, if known, with the precinct, township, or ward, where they voted or offered to vote, etc. The complaint, in this state, is doubtless intended as a substitute for the notice usually required, and must be measured by substan-

tially the same rules, and in *Talkington v. Turner*, 71 Ill. 234, and *Dale v. Irwin*, 78 Id. 170, it was held that the complaint should be as specific as a bill in chancery, and that the technical averments in an information in quo warranto, or a common-law declaration, would not be required. In *State, ex rel. Ballentine, v. Penniston*, 11 Neb. 100, it was held that a notice which contained the averments required by the statute was sufficient, which were: the rights of the contestant, the office to be contested, the date at which its duties commenced, with the points of contest. It would no doubt be commendable pleading to allege in the complaint the result of the election, the number of votes cast and canvassed, and the declaration of the result; but in *Ledbetter v. Hall*, 62 Mo. 422, and *Rounds v. Smart*, 71 Me. 380, these averments were held to be unnecessary, the statute, as in this state, providing what the complaint should contain, and if followed it would be sufficient. (See also *Howard v. Shields*, 16 O. St. 184.) The names of the persons who cast illegal votes, and of the legal voters whose votes were rejected, were not given, but a sufficient reason for the failure is shown. The complaint is perhaps sufficient, when assailed by demurrer, although a motion to require it to be made more definite and certain in many respects, should and would, doubtless, have been sustained. The allegation that less than three-fifths of the voters of the county signed the petition, was of no force, since under the rule stated in *The State, ex rel. Hymer, v. Nelson*, 21 Neb. 572, the decision of the county board is conclusive, unless reversed or modified in the mode provided by law. (See also *State v. Nemaha County*, 10 Id. 32.)

Upon the other branch of the case, we think the demurrer was properly sustained. It does not appear upon the face of the petition that defendants are interested in the result of the county-seat contest in any form. A demurrer for defect of parties will lie when it appears on the face of the petition that necessary parties defendant are wanting.

(*Hardy v. Miller*, 11 Neb. 396.)   It sufficiently appears by the complaint that the election contest in Gosper county is, to some extent at least, an adversary one; that is, that there are conflicting interests.   If so, the interests adverse to those of contestant, should be brought in as contestees.   It is contended by plaintiff in error that the county commissioners, having called the election, and having a general oversight over the interests of the county, are the proper parties defendant, as they have an official interest in all the corporate concerns of the county.   To this we must answer that there is nothing in the complaint anywhere which implies, or which by any interpretation can be construed to intimate, that William J. Wagner and Jonas E. Chambers have any connection with any board of county commissioners, or that they hold any official position whatever. They are nowhere described as officers, nor is there anything which shows that they are even citizens of Gosper county.   Had they demurred separately on the ground that sufficient facts as to them were not stated in the complaint, such objection would have been well taken, as there were no allegations which, by the most liberal construction, show that they have any interest, official or otherwise, in the result of the contest.   Abdon L. Burke is described in the caption of the complaint as the "Chairman Board of County Commissioners."   While there is no further reference to him or to his official position, we may assume that he is the chairman of the board of county commissioners of Gosper county, and (although we do not decide such to be the case) that he has an official, legal interest, in the result of the contest to the extent of desiring a fair expression of the choice of the county; yet such official interest would not dispense with the necessity of making those persons having an interest adverse to contestant, parties to the action.   A contest of an election must be what its name implies — an adversary proceeding by which the matters in controversy may be settled upon issues joined.   As a matter

of law and official duty, the chairman of the county board can have no interest in *where* the county seat shall be located. Such interest, if it exist at all, could only be to have it so located as would be to the convenience and best interests of the whole county; and while he might be a proper, or even a necessary party, yet the necessity for making those—or some of them—who are *actually* interested adversely to the contestant, would not be obviated. It is true, as contended, that under the provisions of the Code of Civil Procedure, those having an interest might intervene and be made parties, or that the district court might have ordered them to be brought in; but nothing of the kind was done. The case stands as originally brought, and in that condition it must be decided.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.