EMIL POLENSKE ET AL., APPELLANTS, V. ALBERT S. ENNIS
ET AL., APPELLEES.

FILED APRIL 8, 1911.    No. 16,361.

Venue: SUMMONS TO ANOTHER COUNTY. "The test for determining
    whether an action is rightly brought in one county against the
    defendant found and served therein, so that others made defend-
    ants thereto may be served in a foreign county, is whether the
    defendant served in the county in which the action is brought
    is a *bona fide* defendant to that action—whether his interest in
    the action and in the result thereof is adverse to that of the
    plaintiff." *Barry v. Wachosky*, 57 Neb. 534.

APPEAL from the district court for Adams county:
HARRY S. DUNGAN, JUDGE. *Affirmed.*

*M. A. Hartigan,* for appellants.

*W. S. Morlan, contra.*

FAWCETT, J.

From a judgment of the district court for Adams
county, dismissing plaintiffs' action against the defendant
School District No. 17, Red Willow county, for want of
jurisdiction, plaintiffs appeal. As the controversy here
is solely between the plaintiffs and defendant school dis-
trict, the parties will be referred to simply as plaintiffs
and defendant.

November 14, 1906, defendant entered into a written
contract with one R. M. Liberty for the construction of a
large school building, and he gave defendant a contrac-
tor's bond, with the Bankers Surety Company as surety.
On the same day the contractor entered into a subcontract
with one A. S. Ennis, by which Ennis agreed "to furnish
all material and labor necessary to build and complete
all masonry, * * * including all iron, structural iron,
galvanized iron, steel ceiling in place and complete."
Plaintiffs furnished the subcontractor, Ennis, a quantity

of brick for use in the construction of the school building. October 1, 1907, plaintiffs presented to Mr. Ennis a written statement showing a balance due them, and received from him, as they allege, an assignment of his claim against the defendant. After obtaining this assignment, plaintiffs brought this suit against all of the parties named, in the district court for Adams county, where they obtained service upon Ennis. Summons was thereupon sent to Red Willow county and served upon defendant. Defendant appeared specially and challenged the jurisdiction of the court over defendant, for the reason, among others, that "there is no privity between the defendants Albert S. Ennis, Richard M. Liberty, the Bankers Surety Company of Cleveland, Ohio, and this defendant." The special appearance was sustained and plaintiffs' action dismissed as to defendant school district. This presents the only question for consideration on this appeal.

Plaintiffs' amended petition will make the matter plain. The petition alleges that plaintiffs are a partnership; that Ennis and Liberty entered into a contract with their codefendant school district for the erection of the building referred to; that the surety company became surety for the labor and material used in said building; that plaintiffs furnished brick for the erection of the building; "that said brick were used in the construction of said school building, and that the defendant Albert S. Ennis was a subcontractor under his codefendant Richard M. Liberty, but that, from time to time, the said school district recognized him (Ennis) as a contractor, paid moneys direct to him, and upon his order when so requested, upon the original contract for the erection of said building; that there is coming to, due and payable from said school district to the defendant Albert S. Ennis, the sum of $4,900 upon the contract as aforesaid as such contractor, which is now due and payable from said school district to the said Ennis, which amount said school district promised and agreed to pay.

"These plaintiffs further show unto the court that the defendant Albert S. Ennis has assigned, set over and guaranteed the payment of the moneys due and owing to him from his codefendant School District No. 17, Red Willow County, McCook, Nebraska, for the purpose of paying the amount due and payable to these plaintiffs.

"The plaintiffs further show unto the court that the defendants Richard M. Liberty and school district, as aforesaid, and the surety company have conspired and federated together to cheat and defraud these plaintiffs in this, to wit, they claim and allege that there is nothing due or coming to their codefendant, Albert S. Ennis; that there is nothing due or coming to said plaintiffs by reason of said assignment, which claim and assumption they well know to be false and fraudulent as against these plaintiffs.

"Plaintiffs allege that said school district has now in its possession a large amount of money due the said Albert S. Ennis, and by him assigned to these plaintiffs. That said school district has paid over to its codefendant Richard M. Liberty a large amount of money since the making of the assignment aforesaid, and after these plaintiffs had given them notice of such assignment of the moneys belonging to the defendant Albert S. Ennis; that said school district is withholding large sums of money due said Ennis, claiming that their codefendant surety company has demanded that the same be withheld and payment refused. But these plaintiffs show unto the court that said defendants, they, each and every of them, refuse to give any accounting or make any accounting for the money in their hands due and payable to these plaintiffs by reason of the assignment aforesaid of the moneys due and coming to the said Albert S. Ennis.

"Plaintiffs further show that Albert S. Ennis is insolvent, and, unless these plaintiffs have the benefit of the moneys to them assigned, they will suffer the loss of their claim and indebtedness to them and suffer thereby irreparable injury."

The above are all of the averments contained in the amended petition, and they clearly show that Ennis was not a necessary party to plaintiffs' action. They had obtained from him an assignment of his claim against the defendant. According to the allegations of their own petition, there is ample funds in the hands of the defendant to pay the amount of their claim under that assignment. They are not seeking to recover upon a lien for material furnished, but base their right upon their assignment of Ennis' claim against defendant for an alleged balance due him, which, so far as the petition advises us, may be wholly for iron and steel furnished by other material men. Their petition contains no allegation of any liability on the part of Ennis to them, other than that contained in their statement for brick furnished him, for which they say he assigned and set over to them his claim against the defendant, "for the purpose of paying the amount due and payable" to them. Their petition shows that Ennis is insolvent, so that a judgment against him would avail them nothing, and it was evidently for this reason that they obtained from him the assignment in question. It is clear from plaintiffs' own statements that they took the assignment from Ennis of his claim against the defendant in full satisfaction of their claim against him. Hence, there is no privity of liability between Ennis and the defendant, nor has Ennis any interest in the subject of litigation, which is adverse to that of plaintiffs.

The test of plaintiffs' right to join defendant with Ennis in an action brought in a county other than the county of defendant's residence is well stated in the second paragraph of the syllabus in *Barry v. Wachosky*, 57 Neb. 534: "The test for determining whether an action is rightly brought in one county against the defendant found and served therein, so that others made defendants thereto may be served in a foreign county, is whether the defendant served in the county in which the action is brought is a *bona fide* defendant to that action—whether

his interest in the action and in the result thereof is adverse to that of the plaintiff."

The judgment of the district court is right, and it is

AFFIRMED.