SAVILLE *et al.* v. TOLBERT, Judge of the District Court, *et al.*

No. 5222.   Opinion Filed October 21, 1913.

Rehearing Denied January 9, 1915.

(137 Pac. 101.)

QUO WARRANTO—Venue—Counties. In an action in the nature of quo warranto to test the validity of the organization of a new county, the proper respondents are the persons who assume to act in a corporate capacity, and such a suit may be brought in the county in which the respondents or some one of them reside or may be summoned, or in any court of general jurisdiction to which they voluntarily submit themselves.

(Syllabus by the Court.)

Original action for writ of prohibition by Joseph Saville and

others against Hon. James R. Tolbert, Judge of the District Court of Kiowa County, and another.    Writ denied.

*Joseph Beasley* and *McAdams & Haskell,* for petitioners.

*J. F. Griffith,* Co. Atty., and *L. M. Keys* and *J. A. Fain,* for respondents.

KANE, J.   This is an original application for a writ of prohibition.   The proceeding itself is somewhat in the nature of a sequel to *Armstrong et al. v. State ex rel.,* 29 Okla. 161, 116 Pac. 770, Ann. Cas. 1913A, 565, and the facts stated in that case necessary to an understanding of this will not be restated here.

It seems that some considerable time after the decision in the Armstrong case was handed down some of the usurping county officers who were parties defendant therein, together with a number of others who were not parties to that proceeding, sufficient to make up a full corps of county officers, attempted to reorganize the disbanded county of Swanson; whereupon the county attorney of Kiowa county filed a proceeding in the district court of that county, of which the respondent, James R. Tolbert, is judge, wherein he prayed that said pretended county officers be enjoined from acting or pretending to act as county officers of Swanson county.   Thereupon this proceeding was instituted by said pretended county officers upon the theory that the judgment rendered in the former case was void for want of jurisdiction in the court that rendered the same.   It is contended that, whilst the former proceeding was nominally against the persons who asserted the right to perform the duties and exercise the functions of the various county offices of the pretended county of Swanson, it was in effect a suit against the *de facto* county, and that such a proceeding being a local action could be brought only in the district court of such Swanson county; that at the time of the *quo warranto* proceeding in the district court of Comanche county Swanson county was a county *de facto,* and was therefore as completely re-

moved from the territorial jurisdiction of the district courts of Comanche and Kiowa counties, and from the judicial districts in which those counties were located, as it would be as a *de jure* county.

We are unable to agree with counsel. In *Armstrong et al. v. State ex rel., supra,* it was contended that an order to dissolve Swanson county could not be entered in that cause, because the county was not made a party defendant; but the court, following a long line of decisions, held that the suit was properly brought against the persons who assumed to act in a corporate capacity, and that Swanson county was not a necessary nor a proper party.

Art. 5, c. 87, Comp. Laws 1909, prescribes the county in which actions may be brought. The various sections of that article provide where real actions—actions for the recovery of a fine, forfeiture, or penalty imposed by statute, actions against public officers for acts done by them by virtue or under color of their office, actions on official bonds or undertakings of public officers, actions against foreign corporations, carriers, turnpike companies, domestic corporations, nonresidents, divorce actions—shall be brought, and the last section of the article (section 5589) provides that "every other action must be brought in the county in which the defendant, or some one of the defendants, reside or may be summoned."

As the *quo warranto* proceeding of *Armstrong et al. v. State ex rel., supra,* does not fall within any of the designated causes of action, it must be covered by section 5589, *supra*. It follows that the respondents in that suit could be properly sued in the district court of any county wherein jurisdiction of their persons by service of process upon them or their voluntary appearance could be obtained. All the defendants appeared in person and by attorneys, and waived all objections which they might have had to the jurisdiction of the court, and later, after having invoked the juris-

diction of the lower court in vain, they sought to reverse its judgment by a proceeding in error in the Supreme Court.

If the doctrine is accepted—that when, in a *quo warranto* proceeding, or one in the nature of *quo warranto,* the existence of a county is denied, the proper respondents are the usurping officials who wield municipal powers, and to make the county a party is illogical, because thereby its existence would be implied, which is the very fact denied—it seems to us that, by virtue of the foregoing statute, the action against the usurping officials may be brought in the district court of any county where any of the defendants reside, or where they may be served with summons, or in any court of general jurisdiction to which they voluntarily submit themselves.

It therefore follows that the writ of prohibition must be denied.

All the Justices concur, except TURNER, J., absent.