## JARMAN v. MASON et al.

No. 15856—Opinion Filed Oct. 25, 1924.

### (Syllabus.)

**Elections—Quo Warranto—Venue of Action —Contest of Nomination for State Office.**

An action authorized by sections 458, 459, and 6123, Comp. Stat. 1921, and brought by an unsuccessful candidate in a primary election to try the title to the nomination of a political party for a public state office, obtained therein by his opponent who has received a certificate of nomination therefor from the State Election Board, is a civil action, and when brought in the district court it must be brought in the district court of a "county in which the defendant or some one of the defendants resides or may be summoned" as provided in sec. 207, Comp. Stat. 1921. In such action no county election board nor any of its members are either necessary or proper defendants when the only relief sought as to them consists ot the preservation or production of ballots. ballot boxes, or official records.

Error from District Court, Wagoner County; E. A. Summers, Judge.

Action by J. H. Jarman against Charles W. Mason. Judgment for defendant, and plaintiff brings error. Affirmed.

Thos. H. Owen, Geo. S. Ramsey, Chas. G. Watts, and Warren K. Snyder, for plaintiff in error.

Charles B. Cochran, Jos. C. Stone, Newton & Pinson, R. C. Allen, C. B. Holtzendorff, L. S. Robson, and F. A. Calvert, for defendants in error.

LYDICK, J. At the primary election held on August 6, 1924, J. H. Jarman and Chas. W. Mason and others were candidates for nomination by the Democratic party for Justice of the Supreme Court of the First Judicial District, comprising ten counties, among which are the counties of Wagoner and Rogers. The State Election Board, upon a canvass of the returns, issued its certificate of nomination to Mason. Thereupon Jarman brought this action in the district court of Wagoner county to try the title to such nomination. As defendants in these proceedings he named Chas. W. Mason, also

the State Election Board and its three members, also the county election board of Wagoner county and its three members, and also the county election board of Rogers county and its three members. In Wagoner county service of summons was had only upon the members of the county election board of Wagoner county, as none of the other defendants were found in that county. Chas. W. Mason was served in Oklahoma county, where he was serving as the present incumbent of the office involved. The other defendants were respectively served in the counties of their residence, that being other than Wagoner county, where the action was pending. Thereupon, and by appearing specially, Chas. W. Mason, the county election board of Rogers county, the State Election Board, and the members of these two boards filed in said action their motions to quash the service of summons upon them, alleging the aforesaid facts as to residence and service of summons upon them, and asserting that—

"There are no defendants in the case who have been served with summons in Wagoner county, Okla., who have any substantial interest in said controversy, or who have any interest in said controversy adverse to that of the plaintiff, J. H. Jarman; and therefore this court acquired and has no jurisdiction over the persons of these defendants by the service of summons upon them outside of Wagoner county, Okla."

The district court sustained said motions and dismissed the action. Saving his exceptions, the plaintiff has appealed to this court and assigns the ruling as error. Is the county election board of Wagoner county a necessary or proper party to this action? At common law, there existed no right to contest in the courts the title to the nomination of a political party for public office. See Jarman v. Mason, decided by this court on September 16, 1924. 102 Okla. 278, 229 Pac. 459; Lansdon v. State Board (Idaho) 111 Pac. 133; State ex rel. Hatfield v. Garrison (Iowa) 190 N. W. 390; Bradley v. Board (Mich.) 117 N. W. 649; State v. Woodruff (N. J. L.) 52 Atl. 294.

The plaintiff must, therefore, look to the statutes for his right to maintain this action. In section 6123, Comp. Stat. 1921, such right is created by a statute reading as follows:

"All contests arising out of primary elections shall be settled and decided in the same manner as is now or may hereafter be by law provided for general elections, except as herein otherwise provided."

We now turn to observe the aforesaid statutory manner for contesting title to

office acquired in a general election and made applicable here. Section 458, Comp. Stat. 1921:

"The writ of quo warranto, and proceedings by information in the nature of quo warranto, are abolishd and the remedies heretofore obtainable in those forms may be had by civil action."

Section 459, Comp. Stat. 1921:

"Grounds for action in the nature of quo warranto: Such action may be brought in the Supreme Court or in the district court in the following cases: First, When any person shall usurp, intrude into, or unlawfully hold or exercise any public office, or shall claim any franchise within this state or any office in any corporation created by authority of this state. * * *"

It, therefore, clearly appears that, where an unsuccessful candidate in a primary election desires to contest his successful opponent's title to the nomination there obtained, and, in so doing, to seek relief not "otherwise provided" in the primary election law, he must proceed "by civil action," and that "such action may be brought in the Supreme Court or the district court." It is just such a civil action as these statutes describe that the plaintiff instituted in the district court of Wagoner county, although we must not be understood as deciding whether, in the trial of such an action on the facts pleaded, he would have been entitled to all the remedies which he therein sought. We declined to permit the plaintiff to institute such action originally in this court and remitted him to the district court as a court with concurrent original jurisdiction under the provisions of section 459, supra. See Jarman v. Mason, decided September 16, 1924, supra.

In the district court of what county must this action be brought? This question must be answered by the statutes of the state. In sections 199 to 206, inclusive, Comp. Stat. 1921, we find definitely enumerated a considerable number of different kinds of civil actions together with provisions as to the courts and counties in which such actions must be brought. This action to try the title of one to the nomination of a political party to office is not one of them. In the next section, to wit, section 207, Comp. Stat. 1921, it is provided that:

"Every other action must be brought in the county in which the defendant or some one of the defendants resides or may be summoned."

That section is clearly controlling here, and we so held in an action which, like this, was in the nature of a quo warranto proceeding brought under the same statutes under which this action is brought, to wit,

sections 458, 459, Comp. Stat. 1921. The opinion appears in the case of Saville v. Tolbert, 45 Okla. 302, 137 Pac. 101. It was written eleven years ago and has been the settled rule in this jurisdiction ever since. The plaintiff, Jarman, therefore, cannot maintain this action in the district court of Wagoner county unless "some one of the defendants resides or may be summoned" in that county. The three members of the county election board of Wagoner county are named as defendants in the petition of the plaintiff. The other defendants in their motions to quash the service of summons upon them say that these members of the county election board of Wagoner county are neither necessary nor proper parties defendant. They, therefore, assert that there is in this case no party defendant recognized as such by the law who resides or was summoned in Wagoner county and that the action must, therefore, fail for want of jurisdiction of the district court of that county over them. In this action Chas. W. Mason, the holder of the certificate of nomination which the plaintiff, Jarman, seeks to cancel, is the one who holds the substantial interest adverse to such plaintiff. He is a necessary and proper party defendant and was so made in the petition. See 32 Cyc. page 1456; Roberts v. Marshall, 33 Okla. 716, 127 Pac. 703; Whittaker v. Pierce, 58 Okla. 672, 160 Pac. 890; Bailey v. Janvier (La.) 45 South. 932.

Plaintiff seeks judgment against the State Election Board requiring it to cancel Mason's certificate of nomination and place Jarman's name on the ballot in lieu thereof. It is not necessary, however, for us to determine whether the State Election Board and its members are either necessary or proper defendants, for they do not reside in Wagoner county and were not served there. Are the members of the county election board of Wagoner county, the only parties named as defendants and who were summoned in Wagoner county, either necessary or proper parties defendant? This board had entirely completed its duties and had certified the result of the primary election to the State Election Board and had become "functus officio" long before this action was instituted. The plaintiff in his petition admits these facts. He makes no complaint of any act by that board performed or omitted. It had apparently done its full duty. He seeks no judgment against this board or its members. The only action which plaintiff in his petition seeks to obtain from the county election board of Wagoner county is that it "be required to produce the ballots cast at the said August, 1924, primary" as evidence in support of the cause of action set out therein on which he

bases his claim of title to the certificate of nomination. In Haynes v. City Nat. Bank, 30 Okla. 614, 121 Pac. 182, we said:

"Before a summons can rightly issue from one county to another, the person served with the summons in the county in which the action is brought must have a real and substantial interest in the subject of the action adverse to the plaintiff and against whom some substantial relief may be obtained, and the action must be rightly brought in the county in which it is brought as against the person served with summons in such county."

See, also, Rullman v. Hulse (Kan.) 5 Pac. 176; Rankin Lbr. Co. v. Graveley ( S. C.) 99 S. E. 349. In Fisher v. Fiske, 96 Okla. 36, 219 Pac. 683, Mr. Justice Kennamer, speaking for this court, announced a rule to the extent of which we need not here go when he said:

"* * * The averments of the petition and the proof on the trial must show that the plaintiff has a valid joint cause of action against the resident defendants, on whom valid service is had, as well as against the nonresident defendants."

See, also, Mills v. Daubenheyer, 96 Okla. 268, 222 Pac. 523; Avery Co. v. Barker (Tex. Civ. App.) 243 S. W. 695; Willie v. Willie (Ga.) 116 S. E. 257; Elder v. Staten (Tex. Civ. App.) 242 S. W. 480; First Nat. Bank v. Bulls (Tex. Civ. App.) 243 S. W. 577; Bailey v. Chilton (Neb.) 184 N. W. 939; Hockaday v. Gillham (Mo.) 226 S. W. 991; Gorey v. Black (Ohio) 125 N. E. 126; Shaw v. Stinson (Tex. Civ. App.) 211 S. W. 505; Beal-Doyle D. G. Co. v. Odd Fellows Bldg. Co. (Ark.) 158 S. W. 955; Commonwealth v. James (Ky.) 128 S. W. 338; Polenske v. Ennis (Neb.) 130 N. W. 981; Barry v. Wachosky (Neb.) 778 N. W. 1080; Lewis v. Elrod, 38 Ala. 17; State v. Sup. Cit. of King Co. (Wash.) 34 Pac. 1103; Bank of East Point v. Dupre (Ga.) 110 S. E. 240; Brenner v. Egly. 23 Kan. 123; Burk v. Perry (Neb.) 42 N. W. 401.

When the plaintiff, Jarman, sought to have this court assume original jurisdiction to try this contest, he did not consider the Wagoner county election board or its members proper parties defendant, for he did not then so name them. He designated them as defendants only when he sought to place jurisdiction in the court of Wagoner county. The secretary of the board as the custodian of the ballots and the plaintiff seeks nothing of that board except to require it to produce such ballots as evidence in support of his cause. Such call to duty marks one a witness and not a defendant, and the naming of the members of the Wagoner county election

board as defendants makes it no more possible to cause them to produce such evidence upon a trial than if they were not so named. We must, therefore, hold that neither the county election board of Wagoner county nor its members are either necessary or proper parties defendant in this action.

Reminding us that the general public is interested in this contest for the determination of the title to a nomination for public office, the plaintiff, Jarman, advances the new theory that the venue should lie where the alleged wrongful acts were done and where the documentary evidence is reposed by law. If plaintiff were before the Legislature in an effort to have it amend the existing statutes, such argument would there find its proper place. Now, there are ten counties with their own separate records and their own separate sets of witnesses to facts herein involved. The theory advanced, if correct, could afford convenience as to only one of these ten counties. It is inconsistent with the theory advanced by the plaintiff himself when he sought to have this court, far removed from all ten of these counties, assume original jurisdiction in this case, for he then urged that all the evidence might well be produced originally even over here and that contention we did not deny in assigning our reasons for not assuming original jurisdiction. But the law does not fix venue and jurisdiction merely according to the convenience of a plaintiff in a case nor authorize us to announce and follow a rule of convenience in such matters. Venue and jurisdiction are not changed merely because the public has a special interest in the controversy, but in all cases the same is controlled absolutely by the statutes of the state, which we cannot decline to follow. An action against an individual upon contract, and wherein attachment or garnishment is to be had, must nevertheless be brought in a county where the defendant may be summoned, although the property seized may lie most inconveniently in a far away county of the state. For proof to support his cause the plaintiff may be required to rely solely upon records and documents made by private persons or upon public records, but the law never fixes venue and jurisdiction merely to fit the location of the evidence. The statute affords ample and effective means for taking by deposition the testimony of all witnesses outside the county and for the bringing into the custody of the district court all documentary evidence to which it is entitled, no matter where the same may be located within the state. Section 459, Comp. Stat. 1921, upon which the plaintiff here must depend for his authority

to bring this action, grants to the district court the same original jurisdiction and power in the hearing and conduct of this case as it grants unto the Supreme Court where the Supreme Court is willing to assume and exercise such original jurisdiction. Unless it be true that the court of original jurisdiction may thus bring before it in the manner aforesaid the evidence available from the various counties of the state in which the trial court is not located, then this action, whether brought in Wagoner county or in any other county of the district or even if brought originally in this court, would be unavailing because the evidence to support the plaintiff's cause of action, or the defense which the defendants here might desire to make, is not located in one single county of the district. In fact, if the law be otherwise, no such action could ever be successfully maintained, for there can be but one action in one court of original jurisdiction to settle the controversy between these parties, and such court must, of course, be located in one county only.

The only authority cited by the plaintiff and claimed by him to support his contention is a decision by the Supreme Court of California in the case of In re Snyder, 110 Pac. 820. There the plaintiff sought to file just such an action as this originally in the Supreme Court instead of in the lower court. There the Supreme Court of California had before it the identical question which we had when the plaintiff, Jarman, sought to institute his contest originally in this court. The question being discussed by the Supreme Court of California was whether, under the statute, it would be best to try the case in the Supreme Court in the capital of the state or in the lower court in the county where the election was held and the parties resided and apparently could there be served with process. No consideration was given to the question here before us. The inapplicability of that decision to the point here considered is clearly demonstrated by the following quotation from the opinion:

"In disposing of the petition we do not find it necessary to consider any other question than the sufficiency of the reason assigned for commencing the contest in this court. It is instituted, of course, in supposed conformity to the provisions of section 27 of the primary nomination law (St. 1909, p. 709), which in terms assumes to confer upon this court, the district court of appeal, and the superior court of the proper county a concurrent jurisdiction to correct in a summary proceeding all errors, omissions, misconduct, or neglect of duty of any of the officers concerned in the preparation of the official ballot. According to the terms of the

act, the jurisdiction of the superior courts in their respective ('the proper') counties is just as extensive and complete as the jurisdiction of the Supreme Court, and as there is no provision for an appeal in this class of contests, their judgments are final when entered. There is, therefore nothing to justify the commencement of the proceeding in this court. Any other construction of the primary nomination law would involve the most absurd results. Every contest of a close election for any county, township, or municipal office throughout the state, to be effective, would have to be waged in this court, and probably very few could be determined between the canvass of the votes cast at the primary election and the date of the general election, and the time of the court which scarcely suffices for the due consideration of causes within our constitutional jurisdiction would be occupied for many weeks in the merely clerical task of counting ballots and tallying votes.

"The petition is dismissed without prejudice to an original proceeding in the superior court of Calaveras county, which we hold to be the 'proper county' within the meaning of the statute."

The venue for this action is clearly placed by the statutes, and the rules here announced are based solely upon those statutes and an unbroken line of harmonious precedents long established by the judiciary of the state and other states of the Union. The lower court properly held that this action could be maintained only in a county "in which the defendant or some one of the defendants resides or may be summoned," and that the county election board of Wagoner county and its members are properly held neither necessary nor proper parties to this action, and that since no one who is a necesssary or proper party to the action resides in Wagoner county or was summoned there, that it had no jurisdiction in the case when the same was properly challenged.

Its judgment is correct and is hereby affirmed.

McNEILL, C. J., and NICHOLSON, JOHNSON, HARRISON, BRANSON, WARREN, and GORDON, JJ., concur.